ANDERSON v GREAT LAKES DREDGE & DOCK COMPANY

Docket No. 64927. Argued June 2, 1981 (Calendar No. 5).—Decided
September 1, 1981.

Willie L. Anderson brought an action in Wayne Circuit Court
against his employer, Great Lakes Dredge and Dock Company,
under the Jones Act and general maritime law, for injuries he
suffered in the course of his employment on the defendant's off-
shore dredge in Miami, Florida. The plaintiff resides in Florida.
The defendant is a New Jersey corporation with headquarters
and principal place of business in Chicago, Illinois; it has a
resident agent in Michigan and occasionally conducts dredging
in this state. The defendant moved to dismiss on the ground of
*forum non conveniens,* and agreed to waive any defenses under
the applicable statutes of limitations so that the matter could
be tried in a federal or state court in Florida. The Wayne
Circuit Court, James Montante, J., denied the defendant's
motion to dismiss on the ground that the defendant had failed
to show that trial of the case in Michigan would subject it to
special hardship. The Court of Appeals, T. M. Burns, P.J., and
Bronson, J. (R. M. Maher, J., dissenting), affirmed, holding that
the trial court had not abused its discretion (Docket No. 78-
3843). The defendant appeals.

In a unanimous opinion by Chief Justice Coleman, the Su-
preme Court *held:*

The doctrine of *forum non conveniens* is applicable to cases
under the Jones Act which are commenced in a Michigan state
court. In this case, it was an abuse of discretion to deny the
defendant's motion to dismiss the action.

1. The Jones Act grants to seamen the same rights as those
available to railroad employees under the Federal Employers
Liability Act and venue in the federal courts lies wherever the

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4, 5] 2 Am Jur 2d, Admiralty §§ 27-29.
  20 Am Jur 2d, Courts § 172 *et seq.*
  32 Am Jur 2d, Federal Employers' Liability and Compensation Acts
    § 62.
[3] 20 Am Jur 2d, Courts § 176.
[6] 20 Am Jur 2d, Courts §§ 173, 176.

defendant is doing business. The plaintiff may choose to sue in either a state or federal court. The plaintiff argues that because the policy of the Jones Act is to give plaintiff seamen wide latitude in their choice of forum the doctrine of *forum non conveniens* ought not apply. However, the Supreme Court of the United States has held that a state court may decline to exercise jurisdiction in such cases so long as it neither discriminates against suits under the Federal Employers Liability Act nor discriminates along lines of state citizenship, although residence may be taken into account.

2. A state is under no obligation to provide a court for two nonresident parties to litigate a foreign-born cause of action when the federal courts will transfer cases under the Jones Act and the Federal Employers Liability Act from one federal district court to another for the convenience of parties and witnesses, in the interest of justice. The federal transfer statute, in applying to "any action", implicitly recognizes that a suit under the Jones Act or the Federal Employers Liability Act may be brought in an inappropriate forum. Therefore, there are no clear federal concerns which would be disparaged by including Jones Act cases within the application of the doctrine of *forum non conveniens.*

3. The facts that seamen regularly move from job to job, and state to state, and that the situs of the accident is usually on a ship are among the circumstances which should be considered in a case-by-case application of the doctrine of *forum non conveniens.* There is no reason to adopt, as a matter of judicial policy, a rule to foreclose the possibility of dismissal of any case under the Jones Act on the ground of *forum non conveniens.*

4. A plaintiff's selection of a forum is ordinarily accorded deference, but where the plaintiff's interest in the chosen forum is slight, the choice is entitled to much less weight than where there exists a significant nexus between the litigation and the chosen forum. In this case, neither the plaintiff nor any witnesses to the accident reside in Michigan, and the accident occurred in another state. Further, although the defendant does business in Michigan, the litigation is unrelated to that business, and the defendant neither is incorporated nor has its principal place of business in Michigan. The only apparent connections between the litigation and Michigan are that the plaintiff's counsel is located here and that there may be testimony at trial from an expert witness who resides here. The convenience of counsel and that of expert witnesses may be of some importance in conjunction with other factors, but they

are entitled to little weight when they alone are advanced as favoring the chosen forum.

5. Balanced against the plaintiff's slight interest in having a trial in Michigan is the inconvenience it would cause the defendant. Most of the potential witnesses, including the physicians who treated the plaintiff, have last known addresses in Florida or nearby southern states or in Puerto Rico. Considering the costs, *e.g.,* transportation of witnesses to Michigan, and the likelihood that the attendance of some witnesses could not be procured, the defendant may be forced to conduct a trial by depositions, if even that is possible. There is no need for the defendant to prepare extensively for trial in order to show exactly how inconvenient a trial in Michigan would prove to be.

6. The public interest also favors declining jurisdiction in this case because it is essentially "imported litigation". Administrative difficulties follow for courts when litigation is piled up in congested centers, such as the Wayne Circuit Court, instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation. The burden on the crowded civil dockets in this state and upon the defendant's ability to prepare a defense greatly outweighs the remote interest which the plaintiff has shown in conducting the trial in Michigan. No significant nexus between the litigation and Michigan has been demonstrated, and there is an appropriate forum available to the plaintiff in the state or federal courts in Florida. Therefore, it was an abuse of discretion to deny the defendant's motion to dismiss the action.

Reversed.

96 Mich App 194; 292 NW2d 177 (1980) reversed.

1. COURTS — JURISDICTION — *FORUM NON CONVENIENS* — SEAMEN — JONES ACT.

A plaintiff seaman may choose to bring an action under the Jones Act for injuries suffered in the course of his employment in a state court, and there may be a federal policy of allowing plaintiffs a choice among many possible forums, but there are no clear federal concerns which would be disparaged by application of the doctrine of *forum non conveniens* to Jones Act cases (46 USC 688).

2. COURTS — JURISDICTION — *FORUM NON CONVENIENS* — SEAMEN — JONES ACT.

The facts that seamen regularly move from job to job, and state

to state, and that the situs of an accident in the course of a seaman's employment is usually on a ship are among the circumstances which should be considered in a case-by-case application of the doctrine of *forum non conveniens* to Jones Act cases, but there is no reason under the doctrine of *forum non conveniens* to adopt, as a matter of judicial policy, a rule to foreclose the possibility of dismissal of any case brought by a plaintiff seaman for injuries in the course of his employment (46 USC 688).

3. COURTS — JURISDICTION — *FORUM NON CONVENIENS.*

If the plaintiff has chosen a forum where none of the parties or witnesses reside, where the law of the forum does not apply, and where none of the operative facts have occurred, that choice of forum is entitled to much less weight under the doctrine of *forum non conveniens* than where there exists a significant nexus between the litigation and the chosen forum.

4. COURTS — JURISDICTION — *FORUM NON CONVENIENS* — SEAMEN — JONES ACT.

Under the doctrine of *forum non conveniens,* it was an abuse of discretion for a circuit court in Michigan to decline to dismiss an action by a plaintiff seaman for injuries in the course of his employment in Florida where the only apparent nexus between the litigation and Michigan was that plaintiff's counsel was located in Michigan and that there might have been testimony from an expert witness who resides there; the convenience of counsel and of expert witnesses is entitled to little weight when it alone is advanced as favoring the chosen forum (46 USC 688).

5. COURTS — JURISDICTION — *FORUM NON CONVENIENS.*

There is no need, under the doctrine of *forum non conveniens,* for the defendant to prepare extensively for trial in order to show exactly how inconvenient a trial in the chosen forum might prove to be where no significant nexus between the litigation and the forum state has been demonstrated, and there is an appropriate forum available to the plaintiff in the state or federal courts of another state.

6. COURTS — JURISDICTION — *FORUM NON CONVENIENS* — PUBLIC POLICY.

The public interest favors a decision by a Michigan court to decline to assert jurisdiction, under the doctrine of *forum non conveniens,* in a case which is essentially "imported litigation" from another jurisdiction where the burden on the crowded

civil dockets in Michigan and upon the defendant's ability to prepare a defense greatly outweighs the remote interest the plaintiff shows in conducting the trial in Michigan.

*The Jaques Admiralty Law Firm, P.C.,* for plaintiff.

*Ivin E. Kerr* and *Mark D. Willmarth* for defendant.

COLEMAN, C.J. *(to reverse).* The question presented in this case is whether the circuit court abused its discretion in declining to apply the doctrine of *forum non conveniens* to dismiss an action based on an incident which occurred in Florida and which is brought by a Florida plaintiff against a defendant which, although doing business in Florida and Michigan, neither is incorporated nor has its principal place of business in this state. The Court of Appeals affirmed the circuit court. We reverse.

## I

Plaintiff alleges that he was injured while employed as a crew member on one of defendant's dredges. While he was working on the dredge, or on a spill barge related to the dredge's operation, a frayed cable that plaintiff was handling allegedly fell on his foot. He contends that a strand of the cable became imbedded in his toe and caused an infection that later required the toe to be amputated. Plaintiff filed suit in the Wayne Circuit Court claiming that the defendant was negligent under the Jones Act, 46 USC 688, and that the dredge was unseaworthy under general maritime law.

Plaintiff is allegedly a lifelong resident of Florida. The alleged incident occurred in Florida on

December 22, 1975. Defendant is a New Jersey corporation with its principal place of business in Chicago, Illinois. Defendant maintains an agent in Detroit because it occasionally does business in Michigan. It also does business in Florida. Defendant filed an answer and special defenses. It asked that the case be dismissed on grounds of *forum non conveniens.* Defendant asserted that the appropriate place for trial would be in Florida. In addition to plaintiff's residence in Florida, the incident occurred in a harbor in Miami, Florida; most of the witnesses are from Florida, with a few possibly in nearby southern states or in Puerto Rico; and the plaintiff received medical treatment in Florida. The defendant is subject to suit in Federal or state court in Florida and has agreed, if the case is dismissed, to waive any statute of limitation defenses that might be applicable there.

The circuit court denied defendant's motion to dismiss. The Court of Appeals granted leave to appeal from the order of the circuit court and affirmed its decision. *Anderson v Great Lakes Dredge & Dock Co,* 96 Mich App 194; 292 NW2d 177 (1980).

On appeal to this Court, defendant contends, first, that the trial court applied an improper test by requiring the defendant to show that the trial of the case in Michigan would subject it to special hardship, and second, that the decision to retain jurisdiction was an abuse of discretion. In response, plaintiff argues that Jones Act cases deserve special consideration and as a rule ought to be exempt from the application of the doctrine of *forum non conveniens.* Plaintiff further argues that, in any event, the circuit court did not abuse its discretion by retaining jurisdiction.

## II

Plaintiff's argument that *forum non conveniens*

is inapplicable to Jones Act cases relies on the Federal policy underlying the act. The policy, he asserts, is that of giving Jones-Act plaintiffs latitude in their choice of forum. Since the doctrine of *forum non conveniens* would at times deprive a plaintiff of that choice, plaintiff argues that the doctrine ought to be inapplicable.

The Jones Act, 46 USC 688, which was passed in 1920, granted to seamen the same rights as those available to railroad employees under the Federal Employers Liability Act (FELA), 45 USC 51 *et seq. Mitchell v Trawler Racer, Inc,* 362 US 539; 80 S Ct 926; 4 L Ed 2d 941 (1960). A provision of the Jones Act phrased in terms of "jurisdiction" has been interpreted as referring only to venue, *Panama R Co v Johnson,* 264 US 375; 44 S Ct 391; 68 L Ed 748 (1924), and venue in the Federal courts lies wherever the defendant is doing business. *Pure Oil Co v Suarez,* 384 US 202; 86 S Ct 1394; 16 L Ed 2d 474 (1966). The plaintiff may choose to sue in either state or Federal court, and the decision to sue in state court, in Jones Act as in FELA cases, cannot be defeated by removal to Federal court.[1]

Although, as plaintiff contends, there may be a Federal policy, as illustrated by the cases above, to allow plaintiffs in Jones Act or FELA cases a choice among many possible forums, it is important to note that this Court is under no Federal compulsion to exempt Jones Act or FELA cases from the application of this state's doctrine of *forum non conveniens.* In *Missouri ex rel Southern R Co v Mayfield,* 340 US 1; 71 S Ct 1; 95 L Ed 3 (1950), the United States Supreme Court held that state courts may decline to exercise jurisdiction in

[1] See *Engel v Davenport,* 271 US 33, 37-38; 46 S Ct 410; 70 L Ed 813 (1926); *Preston v Grant Advertising, Inc,* 375 F2d 439 (CA 5, 1967).

FELA suits so long as their application of the doctrine of *forum non conveniens* neither discriminates against FELA suits nor discriminates along lines of state citizenship, though residency may permissibly be taken into account. In a concurring opinion, Justice Jackson noted that the Court had previously held in *Ex parte Collett,* 337 US 55; 69 S Ct 944; 93 L Ed 1207 (1949), that FELA actions in the Federal courts could be transferred under 28 USC 1404(a). *Mayfield, supra,* 5 (Jackson, J., concurring). He concluded, "[c]ertainly a State is under no obligation to provide a court for two nonresident parties to litigate a foreign-born cause of action when the Federal Government, which creates the cause of action, frees its own courts within that State from mandatory consideration of the same case." *Id.,* 6.

The fact that the Federal courts will transfer FELA or Jones Act cases[2] is pertinent to a consideration of any Federal policies that may be involved. Plaintiffs in Jones Act or FELA cases have latitude in the initial choice of a forum. However, the fact that the transfer provision of 28 USC 1404(a) applies to "any civil action"—including a Jones Act or FELA case, see *Ex parte Collett, supra*—demonstrates implicit Federal recognition that a Jones Act or FELA suit, like other types of actions, may be initiated in an inappropriate forum. Therefore, we see no clear Federal concerns which would be disparaged by including Jones Act cases within this state's application of its doctrine of *forum non conveniens.*

### III

Apart from any Federal policies, the plaintiff

---

[2] See, *e.g., Wilson v Ohio River Co,* 211 F Supp 666 (WD Pa, 1962); *Mitchell v Farrell Lines, Inc,* 350 F Supp 1325 (ED Pa, 1972); *Bishop v Ashland Oil, Inc,* 394 F Supp 203 (WD Pa, 1975).

urges that the unique nature of a seaman's employment merits this Court's adoption of its own policy of nonapplication of the doctrine to Jones Act cases. On behalf of this argument, plaintiff notes how seamen are regularly moving from job to job and state to state. Further, the situs of Jones-Act incidents would normally be on a ship, which because of its mobility could frequently make a view by the jury impossible. Therefore, plaintiff argues, it often may be difficult for a plaintiff to identify a particularly appropriate forum, either for the parties or for the witnesses.

These circumstances, however, are all factors that may and should be considered in a case-by-case application of the doctrine. As stated in *Gulf Oil Corp v Gilbert,* 330 US 501, 508; 67 S Ct 839; 91 L Ed 1055 (1947), "[w]isely, it has not been attempted to catalogue the circumstances which will justify or require either grant or denial of remedy." Quoted in *Cray v General Motors Corp,* 389 Mich 382, 395; 207 NW2d 393 (1973). We see no reason, therefore, to adopt a rule that would foreclose the possibility of any Jones Act case being dismissed on the ground of *forum non conveniens.*

## IV

The question remains whether the facts of this case warranted and required its dismissal.

In *Cray v General Motors, supra,* this Court found the doctrine of *forum non conveniens* to be applicable in Michigan. Each case consolidated for decision in *Cray* involved an incident occurring in another state. The plaintiffs and witnesses to the incident in each case were nonresidents of Michigan and none of the witnesses were subject to

Michigan's subpoena power. General Motors, a defendant in each of the cases, had its principal place of business in Detroit. Plaintiffs contended that considerable discovery would be necessary with respect to materials and experts in Michigan for negligent acts that allegedly occurred here. This Court held that the retention of jurisdiction of the various cases did not constitute an abuse of discretion.

In the present case, as in *Cray*, neither the plaintiff nor any witnesses to the incident reside in Michigan, and the incident occurred in another state. Unlike General Motors, the defendant neither is incorporated nor has its principal place of business here. Although it does business in Michigan—at this writing, it is engaged in a dredging operation in the Saginaw area—this litigation is unrelated to that business. The fact that Michigan courts have jurisdiction over the defendant through the business it does here is immaterial to *forum non conveniens* considerations because the application of the doctrine assumes that two courts, the one the plaintiff has chosen and the one the defendant argues would be more appropriate, can obtain jurisdiction. *Gilbert, supra,* 330 US 504; *Adkins v Chicago, R I & P R Co,* 54 Ill 2d 511; 301 NE2d 729 (1973).

A plaintiff's selection of a forum is ordinarily accorded deference. The United States Supreme Court, describing this deference in *Gilbert,* stated, "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed". 330 US 508. Various factors, such as those outlined in *Cray, supra,* 396-397, are to be considered in determining whether the balance strongly favors the defendant. In balancing these factors, one of the considerations is the

plaintiff's interest in the chosen forum. When this interest is slight—as when the plaintiff has chosen a forum where none of the parties or witnesses reside, where Michigan law does not apply and where none of the operative facts have occurred—the choice is entitled to much less weight than where there exists a significant nexus between litigation and the chosen forum.[3] The balance will generally swing strongly in favor of the defendant when plaintiff's "choice of forum [is] supported only by the fact that it was chosen". *Pacific Car & Foundry Co v Pence,* 403 F2d 949, 955 (CA 9, 1968).

In this case, there is minimal nexus between the litigation and this state. The only apparent connections of any kind are that plaintiff's counsel is located here and that there *may* be testimony at trial from some experts who reside here. Plaintiff has only named one such witness and defendant contends he has since moved out of the state.

While the convenience of counsel and of expert witnesses may be of some importance in conjunction with other factors, it is entitled to little weight when it alone is advanced as favoring the

[3] See *Pacific Car & Foundry Co v Pence,* 403 F2d 949 (CA 9, 1968); *Curtin v Litton Systems, Inc,* 365 F Supp 489 (ED Pa, 1973); *Mitchell v Farrell Lines, Inc,* 350 F Supp 1325 (ED Pa, 1972). These cases apply the statutory provision 28 USC 1404(a), which provides for the transfer of cases from one Federal district court to another "[f]or the convenience of parties and witnesses, in the interest of justice * * *". The standard employed in determining whether such transfers should be granted differs somewhat from the doctrine of *forum non conveniens. Norwood v Kirkpatrick,* 349 US 29; 75 S Ct 544; 99 L Ed 789 (1955). Nevertheless, the principle that a plaintiff's choice of forum is entitled to less weight when the chosen forum has no significant connection to the litigation seems equally sound under the common-law doctrine. *Cf. Adkins, supra* (in which "[t]he only connection Illinois had with the lawsuit was that the railroad does business [there.]" 54 Ill 2d 515); *Semanishin v Metropolitan Life Ins Co,* 46 NJ 531; 218 A2d 401 (1966) (the litigation's only connection with the state was that the defendant was licensed to do business and could be served with process there).

chosen forum. If such factors were to be deemed sufficient, a plaintiff could assure a forum in any state in which jurisdiction could be obtained simply by employing counsel and a witness there.

Balanced against plaintiff's slight interest in having a trial in Michigan is the inconvenience it would cause the defendant. Miami, Florida, where the incident occurred, is approximately 1500 miles from Wayne County, where this action was commenced. Although the parties disagree as to how many witnesses there were to the incident, most of the potential witnesses have last known addresses in Florida, with others having addresses in Georgia, North Carolina and Puerto Rico. The physicians who treated the plaintiff are also located in Florida. For those witnesses whose attendance at trial the defendant would be able to procure, the cost of transportation would be significant. Considering such costs and the likelihood that the attendance of some witnesses could not be procured, the defendant may be forced to conduct a trial by depositions, if even that is possible.

## V

The plaintiff, however, contends that because the defendant has not clearly specified either the course of litigation it intends to follow or the witnesses it intends to use, the doctrine of *forum non conveniens* should not apply because any inconvenience to the defendant is speculative. Certainly, when the plaintiff has a significant interest in the chosen forum, the defendant should outline the intended course of litigation in order for the balance to be struck in favor of another forum. Where, as here, there is little nexus between the litigation and the forum, there is no need for the defendant to prepare extensively for trial in order

to show exactly how inconvenient a trial in Michigan would prove to be. The fact that virtually all the witnesses to the incident are apparently residents of Florida or nearby southern states reveals a likelihood that the defendant will suffer considerable difficulty in preparing any defense and is sufficient to overcome plaintiff's slight interest in having a trial in Michigan.

## VI

Matters of public interest additionally favor declining jurisdiction for the essentially "imported litigation" that this case represents. As stated in *Gilbert, supra:*

"Factors of public interest also have place in applying the doctrine. Administrative difficulties follow for courts when litigation is piled up in congested centers instead of being handled at its origin. Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation." 330 US 508-509.

The Wayne Circuit Court, where this action was filed, has the most crowded civil docket of any court in the state. The burden on our courts and upon the defendant's ability to prepare a defense greatly outweighs the remote interest the plaintiff has shown in behalf of conducting this trial in Michigan.

## VII

The doctrine of *forum non conveniens* is applicable to Federal Jones Act cases commenced in a Michigan state court. Although the plaintiff's choice of forum is afforded appropriate weight, no significant nexus between the litigation and this

state has been demonstrated. The "choice of forum [is] supported only by the fact that it was chosen". *Pence, supra.* All significant factors as set forth above weigh heavily in favor of the defendant. There is an appropriate forum available to plaintiff in the state or Federal courts in Florida. Defendant has agreed to waive any statute of limitations defenses applicable in Florida. Therefore, we find that it was an abuse of discretion for the trial court to have denied defendant's motion to dismiss.

Reverse and remand for proceedings consistent with this opinion.

KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred with COLEMAN, C.J.