BELLIN v JOHNS-MANVILLE SALES CORP

Docket No. 62874. Submitted August 22, 1984, at Detroit.—Decided October 30, 1984.

John G. Bellin and others, all residents of Wisconsin, brought five separate actions in Wayne Circuit Court against Johns-Manville Sales Corporation and others seeking damages for injuries allegedly suffered from exposure to asbestos and other materials made, sold, and supplied by defendants and used by the injured plaintiffs in the course of their employment as insulation installers. The five actions were consolidated. Defendants moved that the trial court should decline jurisdiction on the basis of *forum non conveniens,* noting that the plaintiffs' health records were in Wisconsin, that most or all of the nonparty witnesses were not in Michigan, that less than 20 percent of the job sites at which the injured plaintiffs worked were in Michigan and all of those job sites were in the upper peninsula of Michigan and not in Wayne County, that the injured plaintiffs both now and at the time of exposure were Wisconsin residents and were employed in Wisconsin, and that medical care of the injured plaintiffs had been provided in Wisconsin. Plaintiffs responded that trial in Wisconsin would be difficult because of transportation problems and because there were no other asbestos cases there with which the present actions could be consolidated. Plaintiffs further asserted that the contacts with Michigan were substantial and they lacked a forum in Wisconsin because it would be difficult to obtain jurisdiction over as many of the defendants in Wisconsin as in Michigan. The trial court, John D. O'Hair, J., dismissed the actions on the basis of *forum non conveniens,* after securing the agreements of the defendants to submit to Wisconsin jurisdiction and to stipulate to the tolling of any Wisconsin statute of limitations for the period since the filing of plaintiffs' Michigan actions,

REFERENCES FOR POINTS IN HEADNOTES

[1-3] 20 Am Jur 2d, Courts §§ 173, 175.

Forma non conveniens in products liability cases. 59 ALR3d 138.

[2, 3] 20 Am Jur 2d, Courts § 176.

[3] 75 Am Jur 2d, Trial § 25.

[4] 5 Am Jur 2d, Appeal and Error § 545 *et seq.*

holding that, in light of the substantial contacts with Wisconsin and only minimal contacts with Michigan, fairness, convenience and efficient administration of justice to the litigants and witnesses dictated dismissal of the Michigan actions. Plaintiffs appeal, asserting that the trial court abused its discretion in balancing the various factors germane to the question of whether Michigan should retain jurisdiction and raising the additional question of whether a Wisconsin action is now barred by a Wisconsin statute of limitations. *Held:*

1. The trial court did not abuse its discretion in dismissing the actions on the basis of *forum non conveniens,* there being only a slight nexus between plaintiffs' litigation and a Michigan forum.

2. Since the question of the running of the Wisconsin statutory period of limitation was not raised below and the facts necessary to determine that question are not to be found in the record, resolution of the question of whether any actions which might be brought by plaintiffs in Wisconsin will be barred is impossible. However, it appears that any actions by plaintiffs in Wisconsin will be in no greater peril on a period of limitation ground than are their Michigan actions.

Affirmed.

1. COURTS — *FORUM NON CONVENIENS* — JURISDICTION.

The doctrine of *forum non conveniens* is applicable in Michigan and it is within the discretion of the trial judge to decline jurisdiction in such cases as the convenience of the parties and the ends of justice dictate.

2. COURTS — *FORUM NON CONVENIENS* — JURISDICTION.

A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in cases where the doctrine of *forum non conveniens* has been raised should include: (A) the private interest of the litigant in (1) availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses, (2) ease of access to sources or proof, (3) distance from the situs of the accident or incident which gave rise to the litigation, (4) enforceability of any judgment obtained, (5) possible harassment of either party, (6) other practical problems which contribute to the ease, expense, and expedition of the trial, and (7) possibility of viewing the premises; (B) matters of public interest in (1) administrative difficulties which may arise in an area which may not be present in the area of origin, (2) consideration of the state law which must govern the case, and (3) people who are concerned

by the proceeding; and (C) reasonable promptness in raising the plea of *forum non conveniens.*

3. Courts — Jurisdiction — *Forum Non Conveniens* — Court Dockets.

A Michigan court, in deciding whether to dismiss an action on the basis of *forum non conveniens,* may consider the effect of retaining jurisdiction on its already congested docket, although congested dockets alone do not justify the dismissal of any litigation which might be brought in a foreign jurisdiction.

4. Appeal — Preserving Question.

The rule that the Court of Appeals will not ordinarily consider an issue raised for the first time on appeal is not to be inflexibly applied; however, such new issues cannot be considered where the resolution turns upon facts which are not before the Court.

*Arthur L. Petersen,* for plaintiffs.

*Kitch, Suhrheinrich, Smith, Saurbier & Drutchas, P.C.* (by *Paul L. Kaliszewski* and *Michael R. Mosher*), for defendant.

Before: Shepherd, P.J., and MacKenzie and P. Nicolich,* JJ.

Per Curiam. Plaintiffs appeal as of right from a Wayne County Circuit Court order dismissing these consolidated actions on the ground of *forum non conveniens.* Plaintiffs, insulation workers and their wives, alleged that defendants were responsible for their injurious exposure to asbestos and other materials. The circuit court declined jurisdiction, concluding that Wisconsin was a more convenient forum. We affirm.

Plaintiffs are residents of Wisconsin. They alleged that the exposures to asbestos and other materials occurred while plaintiff husbands worked as insulation applicators in Wisconsin and Michigan. Defendants are manufacturers, distribu-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tors, and sellers of insulation. According to plaintiffs, defendants negligently caused plaintiff husbands to come in contact with the dangerous substances, resulting in severe physical problems, disability and related damages. Plaintiffs also claimed breach of warranty and civil conspiracy.

Defendants moved to decline jurisdiction, noting as follows: that plaintiff husbands' medical records and other information were in Wisconsin, beyond the court's subpoena powers; that many witnesses, including most or all of the nonparty witnesses, were not in Michigan; that a small percentage (10-20 percent) of plaintiff husbands' job sites were in Michigan, none were in Wayne County, and those in Michigan were, without exception, in the upper peninsula, more accessible to Wisconsin than the lower court in Michigan; that plaintiffs resided in Wisconsin and plaintiff husbands worked out of and received assignments at a union located in Wisconsin, both presently and when the exposures occurred; and that plaintiff husbands received their medical care in Wisconsin. Defendants argued there was no meaningful nexus between the litigation and Michigan, and convenience to the parties dictated that the court decline jurisdiction.

Plaintiffs responded that trial would be more inconvenient in Wisconsin because of transportation problems and because there were no other asbestos cases there with which the present cases could be consolidated. Plaintiffs further argued that, based on trial statements by defendants in other asbestos cases in Wayne County, trial would center on certain repetitive issues, such as intensity of exposure to asbestos and type of asbestos used. Witnesses from throughout the nation would be called. Plaintiffs asserted that Michigan exposures were substantial and that much of plaintiff husbands' work in Michigan involved high temper-

ature applications, which involve a particularly lethal form of asbestos.

Plaintiffs claimed they lacked a forum in Wisconsin because it would be difficult to obtain jurisdiction over as many defendants there as in Michigan. No mention was made of any Wisconsin statute of limitations.

The circuit court dismissal of these cases was conditioned on an agreement by defendants to submit to Wisconsin jurisdiction and to stipulate to tolling of any Wisconsin statute of limitations for the period since plaintiffs commenced this litigation in Michigan.[1] In a written opinion, the court explained its decision as follows:

"Notwithstanding the presence in Michigan of some potential factual witnesses who would testify about plaintiffs' exposure to asbestos-contained products in Michigan, the far greater concentration of sources of cogent discovery and trial evidence available through compulsory process, e.g. factual witnesses concerning out-of-state employments and exposures, medical witnesses and documentation, is in the State of Wisconsin where the accrual of plaintiffs' causes of action in whole or in part—occurred.

"Plaintiffs' and defendants' expert witnesses relative to the hazards to human health resulting from exposure to asbestos-contained products and so-called state of the art witnesses are variously located throughout the United States.

"None of the known witnesses to be called at trial reside in Wayne County. * * *

"Fairness, convenience and the efficient administration of justice to litigants and witnesses dictates that these proceedings be dismissed and that plaintiffs' claims be litigated in a Wisconsin forum."

Application of the doctrine of *forum non conve-*

---

[1] On appeal, defendants have filed an updated stipulation to the same effect.

*niens* is within the discretion of the trial judge. *Dayton Mall Motor Inn v Honeywell, Inc,* 132 Mich App 174, 178; 347 NW2d 15 (1984). The Supreme Court adopted the doctrine in *Cray v General Motors Corp,* 389 Mich 382, 396; 207 NW2d 393 (1973), stating: "It is within the discretion of the trial judge to decline jurisdiction in such cases as the convenience of the parties and the ends of justice dictate." The trial judge should consider the following criteria, although they are not all inclusive:

"1. The private interest of the litigant.

"a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

"b. Ease of access to sources of proof;

"c. Distance from the situs of the accident or incident which gave rise to the litigation;

"d. Enforcibility *[sic]* of any judgment obtained;

"e. Possible harassment of either party;

"f. Other practical problems which contribute to the ease, expense and expedition of the trial;

"g. Possibility of viewing the premises.

"2. Matters of public interest.

"a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

"b. Consideration of the state law which must govern the case.

"c. People who are concerned by the proceeding.

"3. Reasonable promptness in raising the plea of *forum non conveniens.*" *Cray, supra,* pp 395-396; *Dayton Mall, supra,* pp 178-179.

One of the factors of "public interest" herein is the congested docket of the Wayne Circuit Court. *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 631; 309 NW2d 539 (1981); *Hamann v American Motors Corp,* 131 Mich App 605, 609-

610; 345 NW2d 699 (1983). We do not suggest that the judges of that circuit use their backlogs, standing alone, as justification for dismissal of any litigation with a foreign tinge. Nevertheless, where a plaintiff's interest in a forum is slight, the plaintiff's choice of forum is entitled to less weight. *Anderson, supra,* pp 628-629.

In this case, the trial judge carefully weighed "the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to a fair trial in this state". *Cray, supra,* p 396. We conclude that he committed no abuse of discretion by declining jurisdiction. There is only a slight nexus between this litigation and the chosen forum. *Anderson, supra,* p 629.

Application of the doctrine of *forum non conveniens* presupposes that two courts can obtain jurisdiction. *Anderson, supra,* p 628; *Cray, supra,* p 395; Restatement Conflict of Laws, 2d, § 84. On appeal, plaintiffs for the first time assert that their claims are barred in Wisconsin by a three-year statute of limitations. Wis Stat, § 893.54. We decline to address this issue. While the rule forbidding consideration of issues first raised on appeal is not written in stone, such consideration is impossible where the necessary facts are not before us. *Loper v Cascade Twp,* 135 Mich App 106, 111; 352 NW2d 357 (1984). The Wisconsin Supreme Court recently held that tort claims accrue, not at the time of the injury but, "on the date the injury is discovered or with reasonable diligence should be discovered". *Hansen v A H Robins, Inc,* 113 Wis 2d 550, 560; 335 NW2d 578, 583 (1983). There is nothing in the record regarding when plaintiffs discovered or should have discovered their alleged injuries. Moreover, in view of the stipulation by defendants that the Wisconsin statute is tolled from the date plaintiffs commenced this litigation, plaintiffs'

cases are in no greater peril in Wisconsin than in Michigan in this respect. See, MCL 600.5805(9); MSA 27A.5805(9); *Connelly v Paul Ruddy's Equipment & Repair Service Co,* 388 Mich 146, 150; 200 NW2d 70 (1972).

Affirmed.