BROWN v LIBBEY-OWENS-FORD COMPANY

Docket No. 88251. Submitted April 29, 1987, at Detroit. Decided
November 4, 1987. Leave to appeal denied, 430 Mich 860.

Mark Brown, a resident and citizen of Ohio, was seriously injured
when, in the course of his employment, he fell from the roof of
Libbey-Owens-Ford Company's facility in Toledo, Ohio. Brown
and his wife, Sandra Brown, filed suit against Libbey-Owens-
Ford Company, an Ohio corporation which does business in
Wayne County, in Wayne Circuit Court alleging that defendant
was negligent in failing to inspect the premises and failing to
provide ladders or other safety equipment. Defendant filed a
petition to remove the action to federal district court in Detroit
on the basis of diversity of citizenship. The federal district
court ordered remand of the case to Wayne Circuit Court after
the parties stipulated that no diversity of citizenship existed.
Defendant then filed in Wayne Circuit Court a motion to
dismiss on the basis of forum non conveniens, alleging that all
Mr. Brown's treating physicians, hospitals and medical records,
and all witnesses were located in and around Toledo, Ohio,
with the exception of experts for whom an Ohio trial would be
as convenient as a Wayne County trial. Defendant also alleged
that discovery and trial would be more expensive in Wayne
County than in Toledo, that plaintiffs filed the action in Wayne
County only in the hope of finding a more sympathetic jury,
and that Wayne County had no interest in the matter. Plain-
tiffs responded by asserting that no alternative forum existed,
since the Ohio statutory period of limitation had already ex-
pired. The court, Lucile A. Watts, J., denied the motion to
dismiss. Defendant filed a motion for reconsideration, agreeing
to submit to Ohio jurisdiction and to stipulate to tolling of the
Ohio period of limitation for the period since the commence-
ment of the action in Michigan. The court denied the motion
for reconsideration. Defendant appealed by leave granted.

The Court of Appeals *held:*

The trial court did not commit any palpable error entitling

REFERENCES

Am Jur 2d, Motions, Rules, and Orders § 27.
See the annotations in the Index to Annotations under Motions.

defendant to a rehearing of its motion to dismiss, and defendant's belated assertion of its conciliatory position did not obligate the court to consider the motion to dismiss. The court did not abuse its discretion in denying the motion to reconsider. Affirmed.

1. MOTIONS AND ORDERS — REHEARING — RECONSIDERATION — COURT RULES.

A party filing a motion for rehearing or reconsideration of the decision on a motion must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error (MCR 2.119[F][3]).

2. MOTIONS AND ORDERS — REHEARING.

The grant or denial of a motion for rehearing is a matter addressed to the sound discretion of the trial judge.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Nicholas J. Rine*), for plaintiff.

*Barbier, Petersmarck, Tolleson, Mead & Paige, P.C.* (by *George E. Petersmarck, Jr.,* and *Vincent J. Brennan*), for defendant.

Before: D. F. WALSH, P.J., and WAHLS and J. R. GIDDINGS,* JJ.

PER CURIAM. Defendant, Libbey-Owens-Ford Company, appeals by leave granted from the September 30, 1985, order of the Wayne Circuit Court denying defendant's motion for reconsideration of defendant's August 26, 1985, motion to dismiss on the basis of forum non conveniens.

Plaintiff Mark Brown was seriously injured on June 30, 1983, when, in the course of his employment with Nordmann Roofing Company, he fell from the roof of defendant's Rossford facility in Toledo, Ohio. Mr. Brown and his wife, plaintiff Sandra Brown, commenced this action against

---

* Circuit judge, sitting on the Court of Appeals by assignment.

defendant in Wayne Circuit Court on January 16, 1985. In general, they alleged defendant's negligence in failing to inspect the premises and failing to provide ladders or other safety equipment.

Citing 28 USC 1441 and 28 USC 1332, defendant filed a petition for removal to the United States District Court, Eastern District of Michigan, Southern Division, on February 15, 1985, alleging diversity of citizenship. On May 31, 1985, the federal district court ordered remand of the case to Wayne Circuit Court based on the parties' stipulation that no diversity of citizenship existed. Plaintiffs were at all pertinent times residents and citizens of Ohio. Defendant is an Ohio corporation which does business in Wayne County.

On August 26, 1985, defendant filed in Wayne Circuit Court a motion to dismiss on the basis of forum non conveniens, alleging that all of Mr. Brown's treating physicians, hospitals and medical records and all witnesses were located in and around Toledo, Ohio, with the exception of experts for whom an Ohio trial would be as convenient as a Wayne County trial. Defendant further alleged that discovery and trial would be more expensive in Wayne County than in Toledo, that plaintiffs filed the action in Wayne County only in the hope of finding a more sympathetic jury, and that Wayne County had no interest in the matter.

In their September 17, 1985, response, plaintiffs asserted inter alia that no alternative forum existed, noting that the Ohio statutory period of limitation had expired on June 30, 1985.

At the September 20, 1985, hearing on the motion to dismiss, defense counsel observed that, when plaintiffs filed their complaint in Wayne County, an alternative forum existed in Ohio. He argued that consideration of the availability of an alternative forum at the time of the filing of the

motion to dismiss was not proper. The court disagreed, denying the motion because of expiration of the Ohio statutory period of limitation.

On September 24, 1985, defendant filed a motion for reconsideration pursuant to MCR 2.119(F), stating for the first time that it would agree and stipulate as follows:

> Defendant herein will agree to submit to Ohio jurisdiction and will stipulate to tolling of any Ohio Statute of Limitations for the period since plaintiffs commenced this litigation in Michigan.

On September 30, 1985, the court denied the motion for reconsideration. We affirm.

MCR 2.119(F) provides:

> (1) Any motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 7 days after entry of the order disposing of the motion.
>
> (2) No response to the motion may be filed, and there is no oral argument, unless the court otherwise directs.
>
> (3) Generally, and without restricting the discretion of the court, a motion for rehearing or reconsideration which merely presents the same issues ruled on by the court, either expressly or by reasonable implication, will not be granted. The moving party must demonstrate a palpable error by which the court and the parties have been misled and show that a different disposition of the motion must result from correction of the error.

The grant or denial of a motion for rehearing is a matter addressed to the sound discretion of the trial judge. See *Brown v Northville Regional Psychiatric Hospital,* 153 Mich App 300, 309; 395 NW2d 18 (1986); *Smith v Sinai Hospital of Detroit,* 152 Mich App 716, 722-723; 394 NW2d 82 (1986).

In this case, defendant did not demonstrate "a palpable error" entitling it to a rehearing of its motion to dismiss. MCR 2.119(F)(3). Instead, defendant adopted a position diametrically opposite to the position it had held on the original consideration of its motion. In adopting this new position, defendant relied on *Bellin v Johns-Manville Sales Corp*, 141 Mich App 128; 366 NW2d 20 (1984), in which the trial court granted a motion to decline jurisdiction conditioned on the defendants' agreement to submit to Wisconsin jurisdiction and to stipulate to tolling of any Wisconsin statute of limitations. 141 Mich App 132. In this case, defendant had cited *Bellin* in initially arguing its motion to dismiss but had made no reference to the conditional nature of the *Bellin* order. It was not until after denial of the motion to dismiss, and after defendant's insistence that the absence of an available alternative forum at the time of the filing of the motion was not a proper consideration, that defendant agreed to a conditional order patterned on the *Bellin* order.

We agree with defendant that this case should have been filed in Ohio. Nonetheless, defendant's belated assertion of its conciliatory position did not obligate the court to reconsider the motion to dismiss. Defendant does not persuade us that the court abused its discretion in denying the motion to reconsider.

Affirmed.