HOLME v JASON'S LOUNGE

Docket No. 96780. Submitted November 12, 1987, at Detroit. Decided
February 4, 1988. Leave to appeal denied, 431 Mich —.

Edward C. Holme and others brought an action in Wayne Circuit
Court against Jason's Lounge, a Canadian corporation, seeking
damages for injuries allegedly suffered by plaintiffs as a result
of being assaulted and battered by defendant's employees on
defendant's premises in Windsor, Ontario. Defendant moved for
summary disposition on the basis of lack of personal jurisdic-
tion or, in the alternative, on the basis that the doctrine of
forum non conveniens required dismissal. The trial court,
Harry J. Dingeman, Jr., J., held that it had personal jurisdic-
tion over defendant but that Canada was a more appropriate
forum to try the case and, accordingly, granted defendant's
motion for summary disposition on the basis of the doctrine of
forum non conveniens. Plaintiffs appealed.

The Court of Appeals *held:*

The trial court did not abuse its discretion in declining
jurisdiction on the basis of forum non conveniens. There was
only a slight nexus between the litigation and this state. Most
of the witnesses were Canadian residents who were beyond the
subpoena power of the court. In view of the fact that any award
which might be obtained would be subject to the Canadian
limitation on damages and of the crowded nature of the Wayne
Circuit Court docket, the court properly held that a Canadian
court was the proper forum.

Affirmed.

1. COURTS — JURISDICTION — FORUM NON CONVENIENS.

It is not an abuse of discretion for a Wayne Circuit Court to
decline jurisdiction on the basis of forum non conveniens in a
personal injury action for assault brought by a Michigan resi-
dent against a Canadian establishment for injuries allegedly

REFERENCES

Am Jur 2d, Assault and Battery §§ 2-6.

Am Jur 2d, Conflict of Law §§ 13-15, 98-105.

Modern status of rule that substantive rights of parties to a tort
action are governed by the law of the place of the wrong. 29
ALR3d 603.

suffered by the plaintiff at the hands of employees of the defendant and which arose out of events that took place in Windsor, Ontario, Canada, where most of the witnesses at trial would be Canadian citizens who are beyond the subpoena power of the Michigan court.

2. CONFLICT OF LAWS — LEX LOCI DELICTI.

The doctrine of lex loci delicti would mandate the application of a Canadian law limiting the amount that can be recovered as damages for mental anguish in a personal injury action where the plaintiff in a personal injury action is a Michigan resident, the defendant is a Canadian entity and the acts giving rise to the cause of action occurred in Canada.

*Gagleard, Addis & Imbrunone, P.C.* (by *Michael A. Gagleard*), for plaintiffs.

*Robert Horvath,* for defendant.

Before: H. HOOD, P.J., and R. M. MAHER and J. B. SULLIVAN, JJ.

PER CURIAM. Plaintiffs commenced this action in the Wayne Circuit Court against defendant Jason's Lounge, a foreign corporation located in Windsor, Ontario, seeking damages for injuries allegedly suffered by plaintiffs as a result of being assaulted and battered by defendant's employees on defendant's premises. In lieu of filing an answer, defendant moved for summary disposition pursuant to MCR 2.116(C)(1), asserting alternative grounds: (1) lack of personal jurisdiction, or (2) the doctrine of forum non conveniens required dismissal of the case. After a hearing on the motion, the court held that it had personal jurisdiction over defendant but that Canada was a more appropriate forum to try the case. Therefore, defendant's motion for summary disposition was granted on the basis of the doctrine of forum non conveniens. It is from that ruling that plaintiffs bring this appeal of right. We affirm.

The doctrine of forum non conveniens establishes the right of a court to resist imposition upon its jurisdiction even though such could properly be invoked. It was first recognized as a viable doctrine in this state by our Supreme Court in *Cray v General Motors Corp,* 389 Mich 382; 207 NW2d 393 (1973). The *Cray* Court set forth the following balancing test for determining whether the doctrine should be applied in a particular case:

A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in such cases should include:

1. The private interest of the litigant.

a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;

b. Ease of access to sources of proof;

c. Distance from the situs of the accident or incident which gave rise to the litigation;

d. Enforceability of any judgment obtained;

e. Possible harassment of either party;

f. Other practical problems which contribute to the ease, expense and expedition of the trial;

g. Possibility of viewing the premises.

2. Matters of public interest.

a. Administrative difficulties which may arise in an area which may not be present in the area of origin;

b. Consideration of the state law which must govern the case;

c. People who are concerned by the proceeding.

3. Reasonable promptness in raising the plea of *forum non conveniens.* [*Id.,* pp 395-396.]

In deciding whether to apply the doctrine, the *Cray* Court further directed trial courts "to consider the plaintiff's choice of forum and to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles

to a fair trial in this state." *Id.,* p 396. Ordinarily, a plaintiff's selection of a forum is accorded deference. *Anderson v Great Lakes Dredge & Dock Co,* 411 Mich 619, 628-629; 309 NW2d 539 (1981).

The decision on whether to decline jurisdiction is in the discretion of the trial court. Such decision will not be overturned on appeal absent an abuse of discretion. *Cray, supra,* pp 395-397; *Jemaa v MacGregor Athletic Products,* 151 Mich App 273, 280; 390 NW2d 180 (1986), lv den 426 Mich 872 (1986). To constitute an abuse of discretion, "the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but defiance thereof, not the exercise of reason but rather of passion or bias." *Spalding v Spalding,* 355 Mich 382, 384-385; 94 NW2d 810 (1959). In the instant case, the trial court properly recognized and exercised its discretion because there is only a slight nexus between the litigation and this state. The competing interests weighed in favor of a Canadian forum.

The alleged tortious conduct occurred in Canada. Also, many of the res gestae witnesses—particularly defendant's employees and the attending medical personnel—are presumably Canadian residents and, thus, may be beyond the subpoena power of Michigan courts. See MCR 2.506(G)(1). This would undoubtedly increase the costs of litigation. "Considering such costs and the likelihood that the attendance of some witnesses could not be procured, the defendant may be forced to conduct a trial by depositions, if even that is possible." *Anderson, supra,* p 630. Moreover, both this Court and our Supreme Court have taken judicial notice of the fact that the Wayne Circuit Court, where this action was filed, has the most crowded civil docket of any court in the state. *Id.,* p 631; *Duyck*

*v International Playtex, Inc,* 144 Mich App 595, 601; 375 NW2d 769 (1985); *Bellin v Johns-Manville Sales Corp,* 141 Mich App 128, 133-134; 366 NW2d 20 (1984). As stated by the *Bellin* Court:

> We do not suggest that the judges of that circuit use their backlogs, standing alone, as justification for dismissal of any litigation with a foreign tinge. Nevertheless, where a plaintiff's interest in a forum is slight, the plaintiff's choice of forum is entitled to less weight. [*Id.,* p 134.]

Plaintiffs' adamancy that the Wayne Circuit Court retain jurisdiction over the matter seems to stem from the fact that Canada apparently has a law which places a $100,000 ceiling on recovery of mental anguish damages in a personal injury suit. If true, this would of course increase this state's interest (i.e., full compensation of its injured residents) in having the case decided by a Michigan court. But, the converse is equally true: Canada would have an increased interest in seeing that its residents are not subjected to exorbitant foreign damage awards. The Canadian damage limitation law is probably designed, at least in part, to protect its citizens from exactly this sort of litigation. Defendant would have cause to complain if damages were not assessed in accordance with the law of its domicile. See *Olmstead v Anderson,* 428 Mich 1, 28-29; 400 NW2d 292 (1987).

Moreover, our review of the circumstances of this case convinces us that the doctrine of lex loci delicti mandates application of Canadian law because such would promote certainty, predictability of results, ease of application, and would prevent forum shopping. *Id.,* p 24. Therefore, since plaintiffs would be bound by Canadian law regardless of the forum in which the trial was conducted, their interests in having the case tried here is even less.

The trial court did not abuse its discretion in deciding to decline jurisdiction on the basis that the balancing of interests favors a Canadian forum.

Affirmed.