HELZER v F JOSEPH LAMB COMPANY

Docket Nos. 97251, 98004. Submitted January 5, 1988, at Detroit. Decided September 6, 1988.

Doris Helzer was injured in a motor vehicle accident in Windsor, Ontario, Canada, when she was struck by a vehicle driven by David P. Gammon, a Canadian citizen. The vehicle was owned by Wheels Leasing of Canada and leased to F. Jos. Lamb Co., Ltd., a Canadian corporation and Gammon's employer. Helzer and her husband, Herbert Helzer, brought an action in the Wayne Circuit Court against F. Joseph Lamb Company, also known as Lamb Technicon Corporation, a Michigan corporation and the parent company of F. Jos. Lamb Co., Ltd., Gammon and others. The court, Sharon Tevis Finch, J., granted summary disposition in favor of F. Jos. Lamb Co., Ltd., and Gammon and, in a separate order, to Lamb Technicon Corp. Plaintiffs appealed each order and the appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The court properly refused to pierce the corporate veil of F. Jos. Lamb Co., Ltd., to reach its parent company, Lamb Technicon Corp. The fiction of a distinct corporate entity separate from the stockholders is a convenience introduced in the law to subserve the ends of justice but, where respecting the separate entities would subvert justice or cause a result contrary to a clearly overriding public policy, the fiction is ignored by the courts. There was no overriding public policy or subversion of justice.

2. The court erred in determining that it had no jurisdiction over F. Jos. Lamb Co., Ltd. A foreign corporation which regu-

REFERENCES

Am Jur 2d, Corporations §§ 43 *et seq.,* 55 *et seq.*

Am Jur 2d, Foreign Corporations §§ 466 *et seq.*

Construction and application, as to isolated acts or transactions, of state statutes or rules of court predicating in personam jurisdiction over nonresidents or foreign corporations upon the doing of an act, or upon doing or transacting business or "any" business, within the state. 27 ALR3d 397.

larly buys and sells parts in Michigan, sends a company courier to Michigan on a daily basis, and has a direct computer link-up with its Michigan parent corporation, meets both Michigan's statutory requirement and due process considerations for general personal jurisdiction in a Michigan court.

3. The court correctly found no jurisdiction over Gammon.

Affirmed in part and reversed in part.

MacKENZIE, P.J., dissented in part. She agreed that the court had general personal jurisdiction over F. Jos. Lamb Co., Ltd., but would affirm the grant of summary disposition in its favor on the basis of the doctrine of forum non conveniens. She would affirm.

1. CORPORATIONS — PIERCING THE CORPORATE VEIL.

The fiction of a distinct corporate entity separate from the stockholders is a convenience introduced in the law to subserve the ends of justice but, where respecting the separate entities would subvert justice or cause a result contrary to a clearly overriding public policy, the fiction is ignored by the courts.

2. COURTS — JURISDICTION — FOREIGN CORPORATIONS — LONG-ARM STATUTE.

A foreign corporation which regularly buys and sells parts in Michigan, sends a company courier to Michigan on a daily basis, and has a direct computer link-up with its Michigan parent corporation, meets both Michigan's statutory requirement and due process considerations for general personal jurisdiction in a Michigan court (MCL 600.711[3]; MSA 27A.711[3]).

*Thomas, Garvey & Garvey, P.C.* (by *Robert F. Garvey*), for plaintiffs.

*Eggenberger, Eggenberger, McKinney & Weber, P.C.* (by *Robert E. Eggenberger*), for defendants F. Jos. Lamb Company, Ltd., Wheels Leasing, Canada, and David P. Gammon.

*Kerr, Russell & Weber* (by *Edward C. Cutlip, Jr.,* and *Robert J. Pineau*), for defendants Lamb Technicon Corp., F. Joseph Lamb Company and Fab-Tec Company.

Before: MacKenzie, P.J., and Kelly and L. P. Borrello,* JJ.

Kelly, J. Plaintiffs appeal the October 13, 1986, order granting summary disposition to defendants, F. Jos. Lamb Co., Ltd., and David P. Gammon, pursuant to MCR 2.116(C)(1), for lack of jurisdiction. Plaintiffs also appeal the December 19, 1986, order granting summary disposition to defendant Lamb Technicon Corporation pursuant to MCR 2.116(C)(10), no genuine issue of fact, the moving party being entitled to judgment as a matter of law. These two appeals have been consolidated, and we affirm in part and reverse in part.

The cases arise from the same incident. This is an automobile negligence action. On December 18, 1984, plaintiff Doris Helzer was struck by a van while crossing a street in Windsor, Ontario, Canada. The van was owned by defendant Wheels Leasing of Canada, leased by defendant F. Jos. Lamb Co., Ltd., and driven by defendant David P. Gammon, an employee of F. Jos. Lamb Co., Ltd. Defendant Wheels Leasing is not a party to this appeal. The other named defendant is Lamb Technicon Corp., a Michigan corporation and the parent corporation of F. Jos. Lamb Co., Ltd., a Canadian corporation. F. Jos. Lamb Co., Ltd., is a wholly owned subsidiary of Lamb Technicon Corporation.

The two Lamb corporations share several common board members and officers. Both companies manufacture transfer line systems. Approximately ten percent of the Canadian corporation's sales are to the U. S. parent corporation. All of the Canadian entity's corporate records and its accounting department are located in Canada, whereas the corporate records of the U. S. parent are kept at

* Circuit judge, sitting on the Court of Appeals by assignment.

its Michigan headquarters. However, the two corporations are connected by a computer system and a courier is used to transport parts and inter-office mail between them on a daily basis.

Plaintiffs' first argument is that the trial court erred in granting Lamb Technicon's motion for summary disposition, on the basis that there existed no ground on which to pierce the corporate veil of subsidiary F. Jos. Lamb Co., Ltd. The basis for any liability in the parent corporation, pursuant to plaintiffs' theory, is grounded upon plaintiffs' assertion that the corporate veil of F. Jos. Lamb Co., Ltd., must be pierced because maintaining the fiction of its separate existence from the parent corporation is against public policy.

In *Wells v Firestone Tire & Rubber Co*, 421 Mich 641, 650; 364 NW2d 670 (1984), the Supreme Court discussed the efficacy of piercing the corporate veil:

> We recognize the general principle that in Michigan separate entities will be respected. See *Klager v Robert Meyer Co*, 415 Mich 402; 329 NW2d 721 (1982). *Finley v Union Joint Stock Land Bank of Detroit*, 281 Mich 214; 274 NW2d [sic, NW] 768 (1937), and *Gledhill v Fisher & Co*, 272 Mich 353; 262 NW 371 (1935).
>
> However, the fiction of a distinct corporate entity separate from the stockholders is a convenience introduced in the law to subserve the ends of justice. When this fiction is invoked to subvert justice, it is ignored by the courts. *Paul v University Motor Sales Co*, 283 Mich 587, 602; 278 NW 714 (1938). This of course means that, in general, even though Firestone is the parent company of Muskegon Firestone, its separate existence will be respected, unless doing so would subvert justice or cause a result that would be contrary to some other clearly overriding public policy. See, *e.g., Cinderella Theatre Co, Inc v United Detroit Theatres Corp*, 367 Mich 424; 116 NW2d 825 (1962).

Plaintiffs argue that not piercing the corporate veil in this instance would be contrary to public policy. Plaintiffs' argument is based upon the fact that, if the corporate fiction is not ignored, plaintiffs' only possible remedy will be found in a Canadian court, where recovery is limited by law. Plaintiffs contend that application of Canadian law would contravene Michigan's strong public policy of ensuring the rights of its citizens.

However, the Supreme Court in *Wells* held that the corporate veil may be pierced when the corporate relationship involved is contrary to some "clearly overriding public policy." We cannot conclude that there is a clearly overriding public policy to allow a Michigan resident, injured in a foreign jurisdiction by residents and entities of that foreign jurisdiction, to pierce a Canadian corporate veil in order to find a Michigan parent corporation liable. If this state had such an overriding public policy, the whole notion that corporations are separate entities from their owners would be destroyed. We affirm the decision of the trial court on this issue.

Plaintiffs also argue that the trial court erred in determining that it had no jurisdiction over F. Jos. Lamb Co., Ltd. We agree and reverse on this issue.

Michigan's long arm statute provides in part:

> The existence of any of the following relationships between a corporation and the state shall constitute a sufficient basis of jurisdiction to enable the courts of record of this state to exercise general personal jurisdiction over the corporation and to enable such courts to render personal judgments against the corporation.
>
> * * *
>
> (3) The carrying on of a continuous and systematic part of its general business within the state. [MCL 600.711; MSA 27A.711.]

Beyond this statutory requirement, in *International Shoe Co v Washington,* 326 US 310, 316; 66 S Ct 154; 90 L Ed 95 (1945), the Supreme Court held that due process requires that a defendant who is not present in the state must have certain minimum contacts with the foreign state for jurisdiction to be upheld.

Here, since F. Jos. Lamb Co., Ltd., regularly buys and sells parts in Michigan, sends a company courier to Michigan on a daily basis, and has a direct computer link-up with its Michigan parent corporation, we find that both Michigan's statutory requirement and due process considerations are satisfied for general personal jurisdiction over this Canadian corporation in a Michigan court of law. On that basis we reverse the October 13, 1986, order of the trial court so far as F. Jos. Lamb Co., Ltd., is concerned.

However, we affirm the lower court decision so far as individual defendant David P. Gammon is concerned, finding that the trial court did not have either general personal jurisdiction or limited personal jurisdiction over this defendant. Plaintiffs rely on MCL 600.711(3); MSA 27A.711(3) for general personal jurisdiction. Since that statute applies only to jurisdiction over corporations, we find no merit in plaintiffs' contention that it would apply to individual defendant Gammon.

We also find no limited personal jurisdiction over defendant Gammon. Although Gammon, acting as an agent for F. Jos. Lamb Co., Ltd., drove daily into Michigan, the accident that resulted in plaintiffs' injuries took place in Canada. Although plaintiffs claim Gammon was on his way to Michigan, Gammon's deposition does not support this conclusion. This accident had no connection with Michigan, other than the fact that plaintiffs were Michigan residents. Therefore, since the harm

done did not arise out of acts due to the transaction of business in this state, and since the tort did not take place in this state, there is no basis for limited personal jurisdiction over either F. Jos. Lamb Co., Ltd., or its agent Gammon. MCL 600.715; MSA 27A.715.

We do not address the issue raised in the dissenting opinion. No claim of forum non conveniens was raised below and we decline to ingest that issue on appeal.

Affirmed in part and reversed in part.

L. P. BORRELLO, J., concurred.

MACKENZIE, P.J. *(dissenting in part).* I agree that the trial court had general personal jurisdiction over defendant F. Jos. Lamb Co., Ltd., pursuant to MCL 600.711(3); MSA 27A.711(3), contrary to the dismissal order of the trial court. I would nevertheless affirm the grant of summary disposition in favor of F. Jos. Lamb Co., Ltd., on the ground that the court reached the right result for the wrong reason. See, e.g., *Detroit v Gorno Steel & Processing Co,* 157 Mich App 294; 403 NW2d 538 (1987). In my view, dismissal was appropriate under the doctrine of forum non conveniens. See *Holme v Jason's Lounge,* 168 Mich App 132; 423 NW2d 585 (1988).

In *Holme, supra,* the plaintiff was allegedly assaulted in Canada by the employees of the Canadian establishment he was apparently patronizing. The plaintiff brought suit against the Canadian employer in Wayne County, presumably because recovery under Canadian law would be limited. Although the Wayne County court recognized that it had personal jurisdiction over the defendant Canadian corporation, it resisted imposition upon its jurisdiction on the basis of forum non conveniens. This Court affirmed. We stated:

[T]here is only a slight nexus between the litigation and this state. The competing interests weighed in favor of a Canadian forum.

The alleged tortious conduct occurred in Canada. Also, many of the res gestae witnesses—particularly defendant's employees and the attending medical personnel—are presumably Canadian residents and, thus, may be beyond the subpoena power of Michigan courts. See MCR 2.506(G)(1). This would undoubtedly increase the costs of litigation. "Considering such costs and the likelihood that the attendance of some witnesses could not be procured, the defendant may be forced to conduct a trial by depositions, if even that is possible." *Anderson* [*v Great Lakes Dredge & Dock Co,* 411 Mich 619,] 630 [309 NW2d 539 (1981)]. Moreover, both this Court and our Supreme Court have taken judicial notice of the fact that the Wayne Circuit Court, where this action was filed, has the most crowded civil docket of any court in the state. *Id.,* p 631; *Duyck v International Playtex, Inc,* 144 Mich App 595, 601; 375 NW2d 769 (1985); *Bellin v Johns-Manville Sales Corp,* 141 Mich App 128, 133-134; 366 NW2d 20 (1984). As stated by the *Bellin* Court:

"We do not suggest that the judges of that circuit use their backlogs, standing alone, as justification for dismissal of any litigation with a foreign tinge. Nevertheless, where a plaintiff's interest in a forum is slight, the plaintiff's choice of forum is entitled to less weight." [*Id.,* p 134.]

Plaintiffs' adamancy that the Wayne Circuit Court retain jurisdiction over the matter seems to stem from the fact that Canada apparently has a law which places a $100,000 ceiling on recovery of mental anguish damages in a personal injury suit. If true, this would of course increase this state's interest (i.e., full compensation of its injured residents) in having the case decided by a Michigan court. But, the converse is equally true: Canada would have an increased interest in seeing that its residents are not subjected to exorbitant foreign damage awards. The Canadian damage limitation

law is probably designed, at least in part, to protect its citizens from exactly this sort of litigation. Defendant would have cause to complain if damages were not assessed in accordance with the law of its domicile. See *Olmstead v Anderson,* 428 Mich 1, 28-29; 400 NW2d 292 (1987).

Moreover, our review of the circumstances of this case convinces us that the doctrine of lex loci delicti mandates application of Canadian law because such would promote certainty, predictability of results, ease of application, and would prevent forum shopping. *Id.,* p 24. Therefore, since plaintiffs would be bound by Canadian law regardless of the forum in which the trial was conducted, their interests in having the case tried here is even less. [168 Mich App 135-136.]

In the instant case, plaintiff was injured in Canada by a Canadian driver employed by a Canadian corporation and driving a Canadian van. Presumably several of the witnesses were also Canadian. The majority recognizes that the driver who struck plaintiff is not subject to the jurisdiction of Michigan courts. As noted by the trial court when reviewing plaintiff's corporate veil-piercing claim, and as mentioned in *Holme, supra,* it would appear that Canadian law would govern disposition of this case were the trial conducted in Wayne County. In light of these considerations, and on the authority of *Holme, supra,* I would hold that summary disposition was properly granted as to defendant F. Jos. Lamb Co., Ltd., albeit for the wrong reason.