KELLY, J.
0dissenting). I agree with the Court of Appeals that the trial court abused its discretion in dismissing this case on the basis of forum non conveniens.[1] Therefore, I respectfully dissent from the majority’s decision to reinstate the circuit court’s dismissal. I would affirm the Court of Appeals judgment and remand the case for trial.
RELEVANT FACTUAL BACKGROUND
In the interest of clarity, it is necessary to give a brief statement of the facts of this case. Forum non conveniens involves fact-driven analyses. Plaintiffs and decedent, Ena Begovic, were Croatian citizens. They were using a 1993 Jeep Grand Cherokee (hereinafter the *638 Jeep) on the Island of Brae on the Dalmatian coast of the Republic of Croatia. Allegedly, when the Jeep was stationary and its transmission in park, the transmission slipped into reverse gear although no one touched the controls. This caused the Jeep to roll over the lip of a promontory and into a ravine. Ena Begovic died, and the other plaintiffs suffered serious injury.
It is undisputed that all decisions regarding the designing of the Jeep were made in Michigan. This includes the decision that a transmission manufactured in Japan would be built into the Jeep. The vehicle was manufactured in Wayne County, Michigan, before being shipped to Italy where it was purchased. Maintenance on the Jeep occurred in both Italy and Croatia.
Because the Jeep had been designed and manufactured in Michigan, plaintiffs chose to file this products-liability lawsuit here. Although Michigan is its home state, defendant took the position that it is not a convenient forum and moved for summary disposition. The circuit court agreed and dismissed the case on the basis of forum non conveniens. The Court of Appeals reversed, finding that the trial court had improperly avoided acknowledging its jurisdiction. It decided that Wayne County was not a seriously inconvenient forum. Radeljak v DaimlerChrysler Corp, unpublished opinion per curiam of the Court of Appeals, issued December 14, 2004 (Docket No. 247781). We granted leave to appeal and directed the parties to address two questions:
(1) whether the public interest factors of the forum non conveniens doctrine set forth in Cray v Gen Motors Corp, 389 Mich 382, 396 (1973), should be revised or modified; and (2) whether, even if another more appropriate forum exists, a Michigan court may not resist jurisdiction unless its own forum is “seriously inconvenient.” [472 Mich 924 (2005).]
*639 THE BACKGROUND OF FORUM NON CONVENIENS
When a judge applies the doctrine of forum non conveniens, he or she seeks to determine whether the court where the plaintiff filed suit is inconvenient for the litigants and witnesses. Also, the judge determines whether there is another more convenient forum where the action should have been brought.[2]
The central goal of forum non conveniens is to provide a fair trial for all parties involved. In the case in which the United States Supreme Court first adopted the doctrine, Gulf Oil Corp v Gilbert, the Court stated:
The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of an inconvenient forum, “vex,” “harass,” or “oppress” the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy. But unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed. [Gulf Oil Corp v Gilbert, 330 US 501, 508; 67 S Ct 839; 91 L Ed 1055 (1947).]
The Supreme Court elaborated on this point in its discussion of the difference between the doctrine of forum non conveniens and the statute that governs change of venue, 28 USC 1404. Norwood v Kirkpatrick, 349 US 29; 75 S Ct 544; 99 L Ed 789 (1955). The Court noted the limitations of forum non conveniens:
*640 “The forum non conveniens doctrine is quite different from Section 1404(a). That doctrine involves the dismissal of a case because the forum chosen by the plaintiff is so completely inappropriate and inconvenient that it is better to stop the litigation in the place where brought and let it start all over again somewhere else. It is quite naturally subject to careful limitation for it not only denies the plaintiff the generally accorded privilege of bringing an action where he chooses, but makes it possible for him to lose out completely, through the running of the statute of limitations in the forum finally deemed appropriate.” [Id. at 31, quoting All States Freight, Inc v Modarelli, 196 F2d 1010, 1011 (CA 3, 1952).]
Earlier, the Court had stated the central goal of the doctrine: “[T]he ultimate inquiry is whether trial will best serve the convenience of the parties and the ends of justice.” Koster v (American) Lumbermens Mut Cas Co, 330 US 518, 527; 67 S Ct 828; 91 L Ed 1067 (1947).
It is on this ground that the Michigan Supreme Court built its forum non conveniens precedent. In Cray, the Court decided that the doctrine should apply in Michigan. Cray, 389 Mich 395. The Court enumerated several factors and subfactors that a trial court should weigh and balance in its decision on a motion based on forum non conveniens.
A balancing out and weighing of factors to be considered in rejecting or accepting jurisdiction in such cases should include:
1. The private interest of the litigant.
a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;
b. Ease of access to sources of proof;
c. Distance from the situs of the accident or incident which gave rise to the litigation;
d. Enforcibility [sic] of any judgment obtained;
*641 e. Possible harrassment [sic] of either party;
f. Other practical problems which contribute to the ease, expense and expedition of the trial;
g. Possibility of viewing the premises.
2. Matters of public interest.
a. Administrative difficulties which may arise in an area which may not be present in the area of origin;
b. Consideration of the state law which must govern the case;
c. People who are concerned by the proceeding.
3. Reasonable promptness in raising the plea of forum, non conveniens. [Id. at 395-396.]
In Michigan, these factors are often referred to as the Cray factors. Cray made clear that their application was intended to function as a balancing test with the object of comparing the advantages of two possible courts. “The courts are charged to consider the plaintiffs choice of forum and to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to a fair trial in this state.” Id. at 396.
This Court also made clear in Cray that the balancing test is intended to be an instrument used to avoid the injustice of forcing a party to litigate in a forum that is fundamentally unfair. It stated:
[FJorum non conveniens “was designed as an instrument of justice to avoid the unfairness, vexatiousness and oppressiveness of a trial away from the domicile of a defendant.” ... The basic standards are said to be “convenience, efficiency and justice.” Moore and Fink in Moore’s Federal Practice indicate forum non conveniens is applied when trial would be “unduly burdensome upon the defendant”. [Id. at 391-392, quoting Barron and Holtzoff, Federal Practice and Procedure, p 443.]
*642 The Cray Court also quoted the Supreme Court of New Jersey:
“It is only in those exceptional cases where a weighing of all the many relevant factors, of which residence is but a part, decisively establishes that there is available another forum where trial will best serve the convenience of the parties and the ends of justice, that the doctrine is ever invoked.” [Id. at 392, quoting Gore v United States Steel Corp, 15 NJ 301, 311; 104 A2d 670 (1954).]
Finally, Cray quoted the Restatement Conflict of Laws, 2d, with approval:
“A state will not exercise jurisdiction if it is a seriously inconvenient forum for the trial of the action provided that a more appropriate forum is available to the plaintiff.” [Id. at 394 n 2, quoting 1 Restatement Conflict of Laws, 2d, § 84, p 251 (emphasis added).]
In referencing this, the Cray Court took special note of the comment on the quoted section of the Restatement:
In the commentary, the most important rules are said to be honoring plaintiffs choice except in unusual circumstances and never dismissing an action if there is no alternative forum. Appropriate forums are the site of the incident, a corporation’s state of incorporation or principal place of business and the state of plaintiffs domicile. [Id. (emphasis added).]
THE "SERIOUSLY INCONVENIENT” STANDARD
It is in light of this background and history of the forum non conveniens doctrine that we must assess the judgment of the circuit court in this case. The Court of Appeals panel concluded that the trial court abused its discretion by resisting jurisdiction without determining that Wayne County was a seriously inconvenient forum. The panel reached this conclusion on the basis of the *643 Court of Appeals past decisions in Robey v Ford Motor Co[3] and Manfredi v Johnson Controls, Inc.[4] Robey stated:
When a party requests that a court decline jurisdiction based on the doctrine of forum non conveniens, there are two inquiries for the court to make: whether the forum is inconvenient and whether there is a more appropriate forum available. If there is not a more appropriate forum elsewhere, the inquiry ends and the court may not resist imposition of jurisdiction. If there is a more appropriate forum, the court still may not decline jurisdiction unless its own forum is seriously inconvenient. [Robey, 155 Mich App 645.]
The majority contends that the “seriously inconvenient” standard is inconsistent with Cray. Therefore, it overturns Robey and eliminates the seriously inconvenient standard. As one can see from the earlier discussion of the foundation of the forum non conveniens doctrine, Robey was far from inconsistent with Cray. In fact, the seriously inconvenient standard is well grounded in the precedents of this Court and the United States Supreme Court in the area. Rather, it is the decision of this majority that is inconsistent with Cray.
The basic concept undergirding the forum non conveniens doctrine is that a case should be dismissed if the plaintiff brought it in a completely inappropriate forum. Norwood, 349 US 31. But the doctrine has limited application, and the plaintiffs choice of forum is accorded significant deference. “[U]nless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” Gulf Oil Corp, 330 US 508 (emphasis added). The balance swings strongly *644 in favor of the defendant when the plaintiff chooses a forum to “ ‘vex,’ ” “ ‘harass,’ ” or “ ‘oppress’ ” the defendant. Id. (citation omitted).
The seriously inconvenient standard falls directly in line with this precedent. It assures that a court does not force a plaintiff to run the risk of losing, or the expense of refiling, his or her claim because of a mere trifle. To warrant a dismissal based on forum non conveniens, the defendant must be faced with strong or significant inconvenience such as vexation, harassment, or oppression. Id. Only when a forum is “ ‘completely inappropriate and inconvenient [so] that it is better to stop’ ” is forum non conveniens appropriate. Norwood, 349 US 31 (citation omitted). The seriously inconvenient requirement recognized in Robey assures that this standard is met.
It stretches the imagination to hold that the seriously inconvenient standard is inconsistent with Cray. As has been noted already, Cray cited the Restatement Second with approval. The section it cited applies the very same standard:
A state will not exercise jurisdiction if it is a seriously inconvenient forum, for the trial of the action provided that a more appropriate forum is available to the plaintiff. [1 Restatement Conflict of Laws, 2d, § 84, p 251 (emphasis added).]
Nothing else in Cray contradicts this standard and the Court did not distinguish it elsewhere in the opinion or in subsequent cases. Instead, the Court articulated a consistent standard of forum non conveniens review.[5] *645 Given that this Court noted with approval the seriously inconvenient standard when first recognizing forum non conveniens in this state, the standard is well founded in our law. It appears rash for the majority to overturn this properly recognized minimum standard for determining that a forum is sufficiently inconvenient.
In this case, the trial court did not make a finding that Wayne County was a seriously inconvenient forum. Hence, it failed to recognize the “ ‘careful limitations’ ” that have applied to the forum non conveniens doctrine. Norwood, 349 US 31 (citation omitted). Because the court did not make this finding, it did not conclude that the balance weighed so strongly in favor of defendant that plaintiffs’ choice of forum warrants disturbance. Gulf Oil Corp, 330 US 508. As the Court of Appeals noted, the failure of the trial court to meet this minimal standard was an abuse of discretion.
THE FAILURE TO FULLY BALANCE THE CRAY FACTORS
While the trial court reviewed the Cray factors in its written opinion, it did not properly weigh the two forums one against the other. The trial court focused on the difficulties presented in retaining jurisdiction in *646 Michigan. But it did not give equal consideration to the difficulties that a Croatian court would face if it had jurisdiction over the case.
For instance, the trial court considered the burden on defendant to obtain evidence remaining in Croatia. But it ignored that plaintiffs would face a similar, if not greater, burden in obtaining documents that remained in Michigan relating to the manufacture of the Jeep. The failure to take this into consideration in a products-liability case is not excusable.
The trial court also considered, as a major factor disfavoring Wayne County as the proper forum, that the transmission defendant chose to place in the Jeep was designed and manufactured in Japan. However, this fact is irrelevant because a Croatian court is in no better position to obtain documents or witnesses from Japan than is a Michigan court.[6]
Also, the trial court assumed that Croatian law would apply, an impermissible assumption. To properly apply the Cray factors, a court should first determine which forum’s law should apply. See Manfredi, 194 Mich App 525-526. This failure is yet another sign that the trial court neglected to conduct an actual balancing test in deciding defendant’s forum non conveniens motion.
Cray requires such a balancing test. “The courts are charged to consider the plaintiff s choice of forum and to weigh carefully the relative advantages and disadvantages of jurisdiction and the ease of and obstacles to *647 a fair trial in this state.” Cray, 389 Mich 396. The failure to conduct such a balancing test is an abuse of the trial court’s discretion.
THE CRAY FACTORS DO NOT STRONGLY OR SIGNIFICANTLY FAVOR CROATIA AS THE PROPER FORUM
The majority opines that the Cray factors support Croatia as the more appropriate forum. I agree with the Court of Appeals assessment that, once the factors are properly weighed, Wayne County is not a significantly inconvenient forum.
1. PRIVATE INTERESTS
a. AVAILABILITY OF COMPULSORY PROCESS FOR ATTENDANCE OF UNWILLING AND THE COST OF OBTAINING ATTENDANCE OF WILLING WITNESSES
The trial court focused on the ease with which a Croatian court could compel the attendance of Croatian witnesses. But this is a products-liability case involving the need for numerous documents. A great many of the necessary documents are located within this state, given that the Jeep was designed and manufactured here. Moreover, some witnesses are located in the United States. Hence, difficulties will arise in obtaining witnesses and documents in both locations. Also, it appears that neither forum would have the benefit of compulsory process in the other forum. Thus, this subfactor favors neither forum.
b. EASE OF ACCESS TO SOURCES OF PROOF
The trial court abused its discretion by focusing only on the problems existing if Michigan remained the forum for this litigation. No matter in which country this case is tried, one of the parties will be obliged to *648 obtain documents from the other country. Given the nature of the case, a primary concern will be the design and manufacture of the Jeep. It seems likely that the majority of the documents needed will be in Michigan. Moreover, they will be in English. Therefore, if the case is tried in Croatia, the parties likely will be obliged to have thousands of highly technical documents translated into another language. Accordingly, this subfactor arguably tends to favor Wayne County as the proper forum.
The majority points out that MCR 2.305 provides that documents located in Michigan can be subpoenaed for trials outside the state. It is unknown if Croatian law has a similar provision. Therefore, this fact tends to support Croatia as the proper forum.
Given that there is support for both sides, this subfactor evenly favors both forums.
c. DISTANCE FROM THE SITUS OF THE ACCIDENT OR INCIDENT THAT GAVE RISE TO THE LITIGATION
Again, this subfactor weighs evenly between the two forums. Whereas the accident occurred in Croatia, the Jeep was manufactured and designed in Michigan. Manufacture and design are incidents that give rise to the litigation, and Wayne County is much closer to these incidents.
d. ENFORCEABILITY OF ANY JUDGMENT OBTAINED
There is no indication that the judgment would be unenforceable in either forum. This subfactor favors neither forum.
e. POSSIBLE HARASSMENT OF EITHER PARTY
This factor weighs in favor of Wayne County as the proper forum. Defendant claims that some Croatian *649 witnesses may be reluctant to testify. There is evidence to the contrary. Plaintiffs offer statements by the deceased’s family doctor, the mechanic who serviced the Jeep, and the person who investigated the accident for the Croatian authorities. They stated that they will be willing to travel to and testify in Wayne County. There is no countervailing evidence that witnesses located within the United States will be willing to travel to Croatia. Therefore, it is more likely that plaintiffs would have difficulty bringing reluctant witnesses related to defendant to testify in Croatia than that defendant could not bring Croatian witnesses to Michigan. Hence, this subfactor should favor Wayne County as the proper forum.[7]
f. OTHER PRACTICAL PROBLEMS THAT CONTRIBUTE TO THE EASE, EXPENSE, AND EXPEDITION OF THE TRIAL
Defendant and the majority discuss defendant’s need to implead third parties in this case. But it remains unknown whether the Croatian courts allow impleading. Defendant asks this Court to conclude that they do, without providing legal and factual support for the conclusion. A party may not simply announce a position and leave it to this Court to find support for it. Goolsby v Detroit, 419 Mich 651, 655 n 1; 358 NW2d 856 (1984). “The appellant himself must first adequately prime the pump; only then does the appellate well begin to flow.” *650 Mitcham v Detroit, 355 Mich 182, 203; 94 NW2d 388 (1959). Moreover, defendant names no parties it wishes to implead. There is no way to know in which forum they could be impleaded inasmuch as they are not identified.
Even if it is assumed that there are parties in Croatia that defendant needs to implead and that Croatia allows impleading, Croatia is not strongly favored as a forum. This is because, if the trial were held in Wayne County and if defendant could not implead third parties, defendant would face no greater liability. MCL 600.2957(1) provides:
In an action based on tort or another legal theory-seeking damages for personal injury, property damage, or wrongful death, the liability of each person shall be allocated under this section by the trier of fact and, subject to section 6304, in direct proportion to the person’s percentage of fault. In assessing percentages of fault under this subsection, the trier of fact shall consider the fault of each person, regardless of whether the person is, or could have been, named as a party to the action.
Defendant points to no provision in Croatian law similar to this one. Hence, it could be argued that Wayne County is the more appropriate forum because a proper allocation of liability is assumed there. At the very least, considering the totality of the circumstance existing under this subfactor, it does not clearly favor either Croatia or Wayne County.
g. POSSIBILITY OP VIEWING THE PREMISES
This subfactor favors Croatia as the forum because the accident occurred there.
In summary, most of the subfactors under “private interest” weigh evenly between the two forums. The possibility of viewing the premises favors Croatia. But *651 the possibility of witness harassment favors Wayne County. In any event, the “private interests” factor assuredly does not favor Croatia, as the majority asserts.
2. MATTERS OF PUBLIC INTEREST
a. ADMINISTRATIVE DIFFICULTIES THAT MAY ARISE IN AN AREA WHICH MAY NOT BE PRESENT IN THE AREA OF ORIGIN
Again, defendant provided the trial court no information about the legal conditions in Croatia. The majority argues that the Wayne County docket would be congested if every automotive design case arising abroad were brought there. But we have no reason to believe that would occur. Instead, the evidence suggests that, despite the existence for the past two decades of the Robey “seriously inconvenient” standard, Wayne County has suffered no flood of automobile product liability cases. The majority’s reasoning under this subfactor borders on fear-mongering.
Because we have no idea how busy the Croatian courts are, we cannot conclude in any event that the Wayne County docket would be more congested than a Croatian court docket. The Cray factors are intended as a balancing test. Cray, 389 Mich 396. The record in this case does not permit a proper balancing of this subfactor. Therefore, it should not be concluded that it favors either forum.
b. CONSIDERATION OF THE STATE LAW THAT MUST GOVERN THE CASE
As previously discussed in my opinion, the trial court abused its discretion by failing to analyze this subfactor. It merely assumed inappropriately that Croatian law would apply to the case.
*652 I agree with the Court of Appeals that Croatian law may not apply. The ancient rule in the field of choice of law was lex loci delicti. It required that a court always apply the law of the place where the tort or wrong occurred. Sutherland v Kennington Truck Service Ltd, 454 Mich 274, 278; 562 NW2d 466 (1997). But Michigan long ago abandoned this rule. Id. at 283-284. Sutherland articulated the proper test for determining if Michigan law should apply:
[W]e will apply Michigan law unless a “rational reason” to do otherwise exists. In determining whether a rational reason to displace Michigan law exists, we undertake a two-step analysis. First, we must determine if any foreign state has an interest in having its law applied. If no state has such an interest, the presumption that Michigan law will apply cannot be overcome. If a foreign state does have an interest in having its law applied, we must then determine if Michigan’s interests mandate that Michigan law be applied, despite the foreign interests. [Id. at 286.]
It is undisputed that Croatia has an interest in this case. When another state has a significant interest and Michigan’s interest is minimal, Michigan courts should defer to the foreign state’s law. Hall v Gen Motors Corp, 229 Mich App 580, 585; 582 NW2d 866 (1998). But, in this case, I believe that Michigan has more than a minimal interest.
The Jeep was designed and manufactured in this state. Michigan has easily as much interest in the safe design and manufacture of its goods as does any other state or country. Its interest may be greater because the state’s good name stands to be diminished if its products are branded dangerous or deadly.
In addition, Michigan has an interest in protecting its manufacturers, given that they provide a large percentage of the state’s job base. Michigan has an interest in *653 having known products-liability laws applied to ensure fair determinations of liability. The Michigan Legislature has implemented laws to protect consumers against faulty products and to protect manufacturers against Draconian liability determinations. Michigan has a legitimate interest in applying those laws.[8]
The majority points to the Court of Appeals decision in Farrell v Ford Motor Co,[9] to support the argument that it is more likely that Croatian law applies than Michigan law. Farrell can be distinguished. In Farrell, the plaintiffs argument was that Ford’s headquarters are in Michigan. Farrell, 199 Mich App 93-94. There was no evidence in the record regarding where the car in that case was manufactured or designed. Id. at 94 n 3. And the Court of Appeals paid special attention to the major connection Ford had to North Carolina:
Ford unquestionably generates substantial commerce within the State of North Carolina. In connection with its motion for summary disposition, Ford submitted substantial documentary evidence in the form of affidavits that reveal that Ford directly employs seventy employees at its Charlotte, North Carolina, facility and purchased nearly $ 591 million worth of materials from North Carolina suppliers in 1989. In addition, Ford and Lincoln-Mercury vehicles accounted for 27.4 percent of all new cars and 30 percent of new trucks sold in North Carolina in 1989. It is obviously in North Carolina’s economic interest to encourage manufacturers, such as Ford, to do business in North *654 Carolina. The sales taxes collected, salaries paid, and materials purchased all contribute to North Carolina’s economy. [Id. at 93.]
Defendant fails to document such significant economic connections with the Island of Brae, the Dalmatian Coast, or the Republic of Croatia. Given this, we have no way of knowing what economic connections defendant has with the alternate forum. The lack of a record in this regard clearly distinguishes this case from Farrell. Because of it, I believe that Michigan may apply its own law to this case.
Given that there is strong support for Michigan applying its own law, this subfactor favors retaining jurisdiction in Wayne County.
c. PEOPLE WHO ARE CONCERNED BY THE PROCEEDING
Parties from both forums have an interest in this case. Citizens of Croatia were injured in the crash. Ena Begovic had the distinction of being a famous actress.[10] On the other hand, as discussed earlier regarding subfactor b, Michigan has more than an incidental interest in this case. Therefore, this subfactor does not clearly favor either forum.
Synthesizing the subfactors under the “matters of public interest” factor, neither forum is strongly favored. But the consideration of state law slightly favors Michigan as the forum. At the very least, the public interest factor does not strongly favor Croatia as the proper forum, as the majority implies.
*655 3. REASONABLE PROMPTNESS IN RAISING FORUM NON CONVENIENS
No assertion is made that defendant failed to promptly raise forum non conveniens.
In summary, considering all the Cray factors, neither forum is strongly favored. Instead, it appears that the two forums are rather equally matched. And a strong argument could be made that the factors favor Michigan as a forum.
The factors assuredly do not strongly favor Croatia. Unless the “balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed.” Gulf Oil Corp, 330 US 508. Because the reviewed factors do not strongly weigh in favor of defendant, this is not one of those “ ‘exceptional cases’ ” where it is decisively established that there is another forum where “ ‘trial will best serve the convenience of the parties and the ends of justice....’” Cray, 389 Mich 392, quoting Gore, 15 NJ 301.
There is no evidence that plaintiffs brought this case to vex, harass, or oppress defendant. Therefore, the principles undergirding the doctrine are not implicated, and Wayne County is not a completely inappropriate forum. Norwood, 349 US 31. In such situations, Wayne County should not avoid its jurisdiction.
The trial court abused its discretion by dismissing the case without finding that Wayne County is a seriously inconvenient forum. Cray, 389 Mich 394 n 2; Robey, 155 Mich App 645. I would affirm the decision of the Court of Appeals.
THERE IS NO NEED TO ADD TO THE CRAY FACTORS
We specifically asked the parties to address whether Cray’s public interest factor should be revised or modi *656 fied. Justice MARKMAN notes several “contemporary realities” that support adding public interest subfactors such as the globalization of American companies, the expansion of free trade, and the attractiveness of American courts. Justice Markman’s additional factors would strongly disfavor foreign plaintiffs.[11] I feel that such additions are not necessary.
Despite the authority discussing the attractiveness of American courts, there is little to demonstrate that Michigan has become an especially attractive forum. There is no evidence that foreign nationals are rushing to file products-liability or other tort cases in Michigan. When specifically asked about the number of such cases in Michigan, defendant’s attorney could point to only a handful, and he could specifically name just two. There is simply no evidence that Michigan’s courts are flooded with cases brought by foreign nationals. And there is no indication that a sudden influx will occur if the law is not immediately altered.
Without a disease, there is no need for a cure. Courts have proven well equipped to apply Cray as it stands. And the Cray factors have proven eminently capable of handling the issue of forum non conveniens. Therefore, I would not add to the public interest factors.
Similarly, I must dissent from the majority’s decision to adopt the United States Supreme Court’s statement in Piper Aircraft Co v Reyno[12] that a foreign plaintiffs choice of forum should be accorded less deference. The Supreme Court stated:
The District Court acknowledged that there is ordinarily a strong presumption in favor of the plaintiffs *657 choice of forum, which may be overcome only when the private and public interest factors clearly point towards trial in the alternative forum. It held, however, that the presumption applies with less force when the plaintiff or real parties in interest are foreign.
The District Court’s distinction between resident or citizen plaintiffs and foreign plaintiffs is fully justified. In Roster, the Court indicated that a plaintiffs choice of forum is entitled to greater deference when the plaintiff has chosen the home forum. 330 U.S., at 524. When the home forum has been chosen, it is reasonable to assume that this choice is convenient. When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any forum non conveniens inquiry is to ensure that the trial is convenient, a foreign plaintiffs choice deserves less deference. [Piper, 454 US 255-256.]
Piper went on to provide:
Citizens or residents deserve somewhat more deference than foreign plaintiffs, but dismissal should not be automatically barred when a plaintiff has filed suit in his home forum. As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper. [Id. at 255 n 23.]
I do not believe that we should adopt Piper. The reason that the Piper Court is giving less deference to a foreign national’s choice of forum is because the foreign national is foreign. Basing access to our courts on such a status is highly suspect and smacks of xenophobia. As the Washington Supreme Court noted:
The Court’s logic [in Piper] does not withstand scrutiny. The Court is comparing apples and oranges. Foreigners, by definition, can never choose the United States as their home forum.... [I]t is not necessarily less reasonable to assume that a foreign plaintiffs choice of forum is convenient. Why is it less reasonable to assume that a plaintiff from British Columbia, who brings suit in Washington, has *658 chosen a less convenient forum than a plaintiff from Florida bringing the same suit? [Myers v Boeing Co, 115 Wash 2d 123, 138; 794 P2d 1272 (1990) (emphasis in original).]
Treating foreign nationals differently in every case simply does not make logical sense. To offer a Michigan example, person A is a resident of Windsor, Canada, but crosses the Ambassador Bridge each workday to work in Detroit. While driving a vehicle designed, manufactured, bought, and maintained in Michigan before crossing from Canada one day, person A is involved in an accident caused by an automobile design defect. Person B is a resident of California. He drives a DaimlerChrysler vehicle that was designed in Germany and manufactured outside Michigan. He is also involved in an automobile accident caused by a design defect, but it occurs in Nevada.
Under Piper, the circuit court must accord considerable deference to person B’s choice of Michigan as a forum, but person A’s choice of Michigan would not warrant such deference. This is despite the fact that person A has significantly greater contact and connection to Michigan than person B. There is no reason for this distinction aside from the desire to discriminate against person A because of A’s status as a foreign national. I find such discrimination inappropriate and unnecessary. The discrimination is needless in light of the fact that application of the Cray factors would properly locate the correct forum.
Much of the 1981 Piper decision is based on the notion that American courts are particularly attractive to foreign plaintiffs. Its rule was apparently created with the object of preventing a flood of foreign cases into American courts. But again, there is no real evidence of a threatened influx into Michigan. And there is *659 no evidence that the existing Cray factors are ill-equipped to prevent an influx should it arise.
Moreover, Piper makes forum-shopping easier for corporations headquartered in the United States. Foreign nationals often bring cases in the home forum of the defendant corporation. But Piper enables a corporation based in the United States not to defend the case on its home turf in a court minutes away from home. Instead, the corporation can decide to fly halfway around the globe to defend the case in an unfamiliar court and often in a language other than English. The motivation for this is to find a forum more conducive to its victory. Piper facilitates forum-shopping for these corporations by lowering the standard necessary to escape the original forum’s jurisdiction. Forum-shopping in general is inappropriate. And I would not encourage it by adopting the language cited earlier from Piper.
But even under Piper, this case does not warrant dismissal based on forum non conveniens. A foreign national’s choice of forum is still accorded deference. “Citizens or residents deserve somewhat more deference than foreign plaintiffs. . ..” Piper, 454 US 255 n 23 (emphasis added). Somewhat less deference is a far cry from no deference at all. In fact, considering the statements made in Gulf Oil Corp, a fair amount of deference for the plaintiff’s choice remains under Piper. Gulf Oil Corp, 330 US 508. As was discussed earlier in this opinion, there is an even balance between the convenience of the forums when the Cray factors are applied. Hence, giving any deference at all to the plaintiffs’ choice of forum would result in Wayne County retaining jurisdiction.
The majority contends that the only reasonable explanation for plaintiffs’ decision to sue in Michigan was *660 to take advantage of Michigan’s favorable laws and to avoid Croatia’s less favorable laws. This simply is not true. There is a legitimate argument that plaintiffs filed this case in Michigan as a matter of convenience. As noted earlier, there are likely thousands of documents in Michigan relating to the design and manufacture of the Jeep. Also there are likely numerous witnesses in the United States who could be called to testify regarding the choices made in designing and manufacturing the Jeep. This is not to mention the thousands of pages of documents that likely exist in Washington, D.C., involving a National Highway Safety Administration investigation of the problems with this kind of Jeep. All these documents are in English, and few, if any, of the witnesses speak Croatian. The choice of forum was appropriately influenced by these considerations.
Rather than merely shopping for a favorably disposed forum, plaintiffs came to defendant’s home state to facilitate calling witnesses and obtaining documents that will form the foundation of their case. This choice seems more than reasonable. It is defendant that is hard-pressed to argue that its reason for opposing Wayne County’s jurisdiction is not forum-shopping. It seeks to close the doors to a court in its backyard, so that it could fly halfway around the world to defend the case in a foreign country. Given that all identified Croatian witnesses will come to this county, the sole remaining reason for defendant’s resistance to the Wayne Circuit Court must be to find a more friendly forum.
Defendant has not and cannot demonstrate that plaintiffs’ choice is unnecessarily burdensome for it or for the court. Even under Piper, the balancing of the conveniences is decisive when deciding whether to dismiss a case. Piper, 454 US 255 n 23. Because the *661 Wayne Circuit Court is not an unsuitable court, the forum non conveniens doctrine does not permit the circuit court to avoid jurisdiction.
CONCLUSION
The Cray factors do not strongly favor Croatia as the proper forum in this case. And Wayne County is not a seriously inconvenient forum. Therefore, the trial court abused its discretion by dismissing this case on the basis of the doctrine of forum non conveniens. I would affirm the decision of the Court of Appeals.
The majority contends that I pay only lip service to the “abuse of discretion” standard. It reaches this conclusion because I would decide the case differently than it does. The majority misses the fact that I am applying the correct standard, the seriously inconvenient standard, to this forum non conveniens case. When this standard is applied, the trial court’s decision is not within the principled range of outcomes because it pays no respect to plaintiffs’ choice of forum. The decision that Wayne County can avoid its jurisdiction is an abuse of discretion because the Cray factors do not strongly weigh in favor of Croatia as a forum. Gulf Oil Corp, 330 US 508.
As noted elsewhere in this opinion, the trial court abused its discretion in other ways as well. First, it failed to balance the Cray factors between the two forums. Cray, 389 Mich 396. Next, it failed to determine which forum’s law to apply. To properly use the Cray factors, a court must first make such a determination. See Manfredi, 194 Mich App 525-526. It is because of these failures that I conclude that the trial court’s decision is not within the principled range of outcomes. Hence it constitutes an abuse of discretion.
*662 Also, there is no basis for adopting the Piper standard according less deference to foreign plaintiffs’ choice of forum. Therefore, I oppose embracing the United States Supreme Court’s reasoning in that case. Because the Cray factors have served us well for many years, I would continue to use them without amendment.

 A Latin term meaning “ ‘an unsuitable court.’ ” Black’s Law Dictionary (7th ed).

 Forum non conveniens is
the doctrine that an appropriate forum — even though competent under the law — may divest itself of jurisdiction if, for the convenience of the litigants and the witnesses, it appear that the action should proceed in another forum in which the action might originally have been brought. [Black’s Law Dictionary (7th ed).]

 155 Mich App 643; 400 NW2d 610 (1986).

 194 Mich App 519; 487 NW2d 475 (1992).

 See Anderson v Great Lakes Dredge & Dock Co, 411 Mich 619, 628; 309 NW2d 539 (1981):
A plaintiffs selection of a forum is ordinarily accorded deference. The United States Supreme Court, describing this deference *645 in [Gulf Oil v] Gilbert, stated, “unless the balance is strongly in favor of the defendant, the plaintiffs choice of forum should rarely be disturbed”. [Gulf Oil Corp] 330 US 508. Various factors, such as those outlined in Cray, supra, 396-397, are to be considered in determining whether the balance strongly favors the defendant. [Emphasis added.]
Although Anderson did not use the wording “seriously inconvenient,” it used a standard that is consistent, “strongly in favor of defendant.” Id. Both Anderson and Cray fall in line with the seriously inconvenient standard. The majority tries in vain to meaningfully distinguish the standard in these cases from that cited in Cray.

 Plaintiffs make the argument also that it was not the design of the transmission that caused the accident. They argue that it was the particular transmission that was placed in the Jeep that caused the accident. This makes the involvement of Japan even more of a red herring.

 The majority contends that my analysis of this subfactor is incorrect because the trial judge cannot compel foreign witnesses to attend trial in Wayne County. The Wayne County judge would have no need to resort to compulsory process with respect to the witnesses in question. Contrary to the majority’s assertion, it is not mere speculation that these witnesses will attend without being subpoenaed. They have stated that they would he willing to travel to Michigan of their own free will. Given that they are the only witnesses who have clearly made this statement, this subfactor favors Wayne County as the appropriate forum.

 Defendant wants this Court to assume that products-liability law in Croatia does not favor plaintiffs. Defendant argues that plaintiffs are shopping for a better forum. Again, defendant refers to nothing in the record to support this assumption. We have no reason to assume that Michigan’s laws are less favorable to a defendant than Croatia’s. Given that defendant offers no support for its argument on this point, this Court will not furnish support for it. Goolsby, 419 Mich 655 n 1.

 199 Mich App 81; 501 NW2d 567 (1993).

 See Wikipedia, <http://en.wikipedia.org/wiki/Ena_Begovi%C4%87> (accessed May 10, 2006), and the Internet Movie Database, <http://www.imdb.com/name/nm0066807/> (accessed May 10, 2006).

 By use of the term “foreign plaintiffs,” Justice Makkman means nonresidents of the United States.

 454 US 235; 102 S Ct 252; 70 L Ed 2d 419 (1981).