# STATE OF MICHIGAN

# COURT OF APPEALS

---

NITHYANANDA MEDITATION ACADEMY,

    Plaintiff-Appellant,

v

AARTHI RAO, MANICKAM NARAYANAN,
JANE DOE 1-10, and JOHN DOE 11-20,

    Defendants-Appellees,

UNPUBLISHED
March 26, 2015

No. 317651
Washtenaw Circuit Court
LC No. 13-000157-NZ

---

RANJITHA MENON,

    Plaintiff-Appellant,

v

AARTHI RAO, JANE DOE 1-10, and JOHN DOE
11-20,

    Defendants-Appellees.

No. 317659
Washtenaw Circuit Court
LC No. 12-001042-NZ

---

SRI NITHYANANDA SWAMI,
NITHYANANDA FOUNDATION, and GOPAL
SHEELUM REDDY,

    Plaintiffs-Appellants,

v

AARTHI RAO, MANICKAM NARAYANAN,
JANE DOE 1-10, and JOHN DOE 11-20,

    Defendants-Appellees.

No. 317667
Washtenaw Circuit Court
LC No. 13-000093-NZ

---

-1-

Before:  SHAPIRO, P.J., and GLEICHER and RONAYNE KRAUSE, JJ.

PER CURIAM.

These consolidated cases arise from a sex scandal involving plaintiff Sri Nithyananda Swami, a Hindu spiritual teacher.  He refers to himself as Swami, and we will do the same.  The scandal unfolded in India when followers of Swami accused him of having "raped and abused" several of his devotees.  Disgruntled adherents also publically released a videotape allegedly revealing Swami, who has taken a vow of chastity, engaging in sexual relations with plaintiff Ranjitha Menon, a well-known Indian movie actress.  An Indian prosecutor brought criminal charges against Swami and his associate, plaintiff Gopal Reddy Sheelum.

Swami, Menon and Sheelum retaliated by filing lawsuits charging that the sexual allegations were utterly false, defamatory, and designed to destroy the profitability of Swami's yoga businesses.  Their target defendant is Aarthi Rao, a former disciple and volunteer in Swami's yoga and meditation organizations.  Rao, a dual citizen of the United States and India, owns a home in Ann Arbor.  She reported Swami's purported misdeeds to Indian authorities, triggering the criminal prosecution.  Rao also publicized the videotape, which has been widely viewed by Indian audiences.

Plaintiffs filed three complaints in the Washtenaw Circuit court raising a multitude of tort claims.  The allegations in all three cases center on the contention that Rao fabricated the videotape by "morphing" images of the sexual participants and contrived her claims of sexual abuse from whole cloth.  The circuit court dismissed the three cases on forum non conveniens grounds.

The tenuous relationship of these cases to Michigan and the practical difficulties of trying them here validate the circuit court's analysis.  Although we are troubled by the sua sponte manner in which the circuit court dismissed two of the three cases, we are unable to discern any rational basis for remand.  We affirm.

## I. BACKGROUND FACTS AND PROCEEDINGS

Swami describes himself "[a]n enlightened spiritual master" who "transforms individuals around the globe through . . . simple teachings and powerful meditation techniques." <http://nithyananda.net/page/questions-answers> (accessed March 6, 2015).  He lives in India, as does Sheelum.  India is also home to Menon.  Plaintiffs Nithyananda Foundation and Nithyananda Meditation Academy are organizations dedicated to spreading Swami's teachings. They are headquartered in Canada and California, respectively.

These six plaintiffs brought three separate lawsuits in the Washtenaw Circuit Court, all arising from the same nexus of facts.  Each complaint alleges that defendant Aarthi Rao maliciously manufactured evidence of Swami's sexual improprieties.  The evidence plaintiffs advance in support of jurisdiction includes Rao's Ann Arbor home ownership, her Michigan purchase of the camera used to create the videotaped images, and that she purportedly made extortionate telephone calls from Ann Arbor.

Menon brought a separate legal action against Rao in India. That filing apparently compelled Rao to surrender her United States passport. Rao avers in an affidavit that she has not returned to the United States since July 2012 as a result.

Menon's was the first of the three Washtenaw actions filed. Her complaint set forth claims for defamation, intrusion upon seclusion, public disclosure of private facts, false light invasion of privacy, and appropriation of likeness for defendant's advantage.[1] Next, Swami, the Nithyananda Foundation and Sheelum filed suit. Their thirteen-count complaint charges malicious prosecution, abuse of process, defamation, intrusion upon seclusion, public disclosure of private facts, false light invasion of privacy, appropriation of likeness for defendant's advantage, eavesdropping, fraudulent misrepresentation, fraud based on bad faith promise, innocent misrepresentation, tortuous interference with business relationship or expectancy, misappropriation, and theft and conversion of trade secrets.[2] Finally, the Nithyananda Meditation Academy sued, asserting only tortuous interference with a business relationship or expectancy.

Before process could be served in the second and third-filed cases, Rao moved for summary disposition in the action initiated by Menon, invoking the forum non conveniens doctrine. The circuit court granted this motion, observing that both Rao and Menon resided in India and that the events giving rise to the dispute transpired in that country. At the motion hearing, the court announced that it would dismiss the second-filed case on forum non conveniens grounds. The third case met the same fate, albeit without a hearing or even a motion having been filed. All five plaintiffs unsuccessfully moved for reconsideration. This Court consolidated their appeals.

## II. ANALYSIS

### A. FORUM NON CONVENIENS AS A GROUND FOR DISMISSAL

Plaintiffs first contend that the circuit court abused its discretion in dismissing all three cases, as India does not provide them an available alternative forum. According to plaintiffs, Rao may not be amendable to service of process in India, and Indian law does not permit recovery under several of the pleaded causes of action. Plaintiffs further insist that they would be required to deposit between $1.5 and 2.5 million with an Indian court "to get [their] feet inside a courthouse." These arguments are either unsubstantiated or unpersuasive.

"This Court reviews a trial court's decision to grant or deny a motion to dismiss a case on the basis of the doctrine of forum non conveniens for an abuse of discretion. An abuse of discretion occurs when the decision results in an outcome falling outside the principled range of outcomes." *Radeljak v DaimlerChrysler Corp*, 475 Mich 598, 603; 719 NW2d 40 (2006). In

---

[1] In addition to Rao, the complaint named as defendants 20 "Jane and John Does."

[2] In addition to Rao, this complaint named Rao's husband, Manickam Narayana, as a defendant, as well as the 20 "Jane and John Does." The same defendants are named in the third complaint.

exercising this discretion, the circuit court should consider the public and private interest factors adopted by our Supreme Court in *Cray v Gen Motors Corp*, 389 Mich 382, 396; 207 NW2d 393 (1973). A court abuses its discretion if it bases its ruling on "a clearly erroneous assessment of the evidence." *Cooter & Gell v Hartmarx Corp*, 496 US 384, 405; 110 S Ct 2447; 110 L Ed 2d 359 (1990).

In *Piper Aircraft Co v Reyno*, 454 US 235, 247; 102 S Ct 252; 70 L Ed 2d 419 (1981), the United States Supreme Court considered the same argument plaintiffs raise here: that a foreign jurisdiction's "less favorable" substantive or procedural laws should be afforded "conclusive or even substantial weight in the *forum non conveniens* inquiry." The Supreme Court instructed federal courts that "[a]t the outset of any *forum non conveniens* inquiry, the court must determine whether there exists an alternative forum." *Id.* at 254 n 22. This Court has acknowledged the same basic principle, explaining that the forum non conveniens doctrine "presupposes that there is at least one forum other than the forum chosen where the plaintiff may bring his cause of action[.]" *Hernandez v Ford Motor Co*, 280 Mich App 545, 552; 760 NW2d 751 (2008) (quotation marks and citation omitted).

The "central focus of the *forum non convenience* inquiry," the United States Supreme Court has explained, "is convenience[.]" *Piper*, 454 US at 249. Dismissal of a case is not barred on forum non conveniens grounds "because of the possibility of an unfavorable change in law" occasioned by sending a case to an alternate forum. *Id.* The Supreme Court observed that "if conclusive or substantial weight were given to the possibility of a change in law, the *forum non conveniens* doctrine would become virtually useless," as plaintiffs will always select the forum they consider most advantageous. *Id.* at 250. The alternative forum may qualify as inadequate only "[i]n rare circumstances, . . . where the remedy offered by the other forum is clearly unsatisfactory[.]" *Id.* at 254 n 22. For example, the Supreme Court continued, "dismissal would not be appropriate where the alternative forum does not permit litigation of the subject matter of the dispute." *Id.*

Plaintiffs rely on an affidavit signed by an Indian attorney, Vashundhara S., as support for their argument that India represents an unavailable forum for these disputes. Vashundhara's affidavit accompanied a motion for reconsideration filed by plaintiffs after the circuit court dismissed Menon's complaint. Generally, an issue first presented in a motion for reconsideration is unpreserved. *Vusaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). Here, however, the circuit court dismissed the second and third cases sua sponte, and we therefore consider the issues raised by the affidavit to have been preserved.

Vasundhara S. asserts that India is an unavailable forum for two reasons: "[t]he statute of limitations has expired in India for some claims in all three suits," and Indian courts require that plaintiffs pay a court fee, which Vasundhara S. estimated would amount to 3-5% of the damages

claimed. As plaintiffs' complaints seek $100 million in damages, the requisite court fee would be hefty.[3]

"An adequate forum need not be a perfect forum." *Satz v McDonnell Douglas Corp*, 244 F3d 1279, 1283 (CA 11, 2001). As Rao currently resides in India, we discern no reason that plaintiffs would be unable to serve her with process there. Nor does the fact that some of plaintiffs' multitudinous causes of action may be unrecognized in India render that country an unavailable or inadequate forum. The Supreme Court pointed out in *Piper* that "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all," the alternative forum's law may be given substantial weight, and a district court "may conclude that dismissal would not be in the interests of justice." *Piper*, 454 US at 254. No evidence supports that such a situation exists here. India provides plaintiffs with an avenue of recovery for at least some of the claims. That Indian law does not endorse the full array of the tort claims pleaded does not justify withholding a forum non conveniens analysis.[4] As to the economics of the litigation, we have found no case law—and plaintiffs' have cited none—suggesting that a substantial filing fee makes an alternative jurisdiction unsatisfactory. "[S]ome inconvenience or the unavailability of beneficial litigation procedures similar to those available in the federal district courts does not render an alternative forum inadequate." *Borden, Inc v Meiji Milk Prods Co, Ltd*, 919 F2d 822, 829 (CA 2, 1990) (quotation marks and citation omitted). The circuit court did not abuse its discretion by finding that India affords plaintiffs an adequate alternative forum.

We turn next to plaintiffs' contention that the circuit court abused its discretion by improperly weighing the *Cray* factors. The factors delineated in *Cray*, 389 Mich 382, supply a useful "framework for evaluating whether Michigan is a reasonably convenient place for a trial in each particular case, for the convenience of the parties is the underlying goal of both the statute and the common-law doctrine." *Lease Acceptance Corp v Adams*, 272 Mich App 209, 228; 724 NW2d 724 (2006). The private interests of the parties and the public interests of the alternative forums animate the factors, which we set forth here:

> 1. The private interest of the litigant.
>
> a. Availability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses;
>
> b. Ease of access to sources of proof;

---

[3] Rao filed a counter-affidavit signed by a different Indian attorney, S. Satish Kumar. Attorney Kumar takes issue with several of the averments made by attorney Vashundhara S.

[4] In *Piper*, 454 US at 255, the Supreme Court held that Scotland's failure to recognize the plaintiffs' claims for strict liability did not render Scotland an inadequate alternative forum. We are unable to meaningfully distinguish the absence of certain Indian causes of action from the absence of strict liability under Scottish law.

c.     Distance from the situs of the accident or incident which gave rise to the litigation;

d.     Enforcibility [sic] of any judgment obtained;

e.     Possible harassment of either party;

f.     Other practical problems which contribute to the ease, expense and expedition of the trial;

g.     Possibility of viewing the premises.

2.     Matters of public interest.

a.     Administrative difficulties which may arise in an area which may not be present in the area of origin;

b.     Consideration of the state law which must govern the case;

c.     People who are concerned by the proceeding.

3.     Reasonable promptness in raising the plea of *forum non conveniens*. [*Cray*, 389 Mich at 396.]

When analyzing case facts in light of the *Cray* factors, a court must bear in mind that a plaintiff's chosen forum is ordinarily accorded deference. *Anderson v Great Lakes Dredge & Dock Co*, 411 Mich 619, 628-629; 309 NW2d 539 (1981). "[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil Corp v Gilbert,* 330 US 501, 508; 67 S Ct 839; 91 L Ed 1055 (1947). However, a foreign plaintiff's forum choice is entitled to less deference than would apply to a domestic plaintiff's selected forum. *Radeljak*, 475 Mich at 612-614.

Here, India represents the "home court" for Menon, Swami and Reddy. The Nithyananda Foundation is Canadian. Only the Meditation Academy is United States-based. Given this geographical line-up, the presumption favoring Michigan is attenuated at best. While we agree that the circuit court should have specifically considered it before dismissing the Meditation Academy's complaint, its failure to do so does not appreciably shift the balance of public or private convenience.

*Cray*'s subfactor 1(a) addresses the "[a]vailability of compulsory process for attendance of unwilling and the cost of obtaining attendance of willing witnesses." The circuit court commenced its analysis of this subfactor by observing that "the court must first assess 'the materiality and importance of the anticipated witness testimony,'" and must then "determine which forum is more accessible and convenient to relevant witnesses[.]" The circuit court determined that "[d]efendant has established the materiality and importance" of witnesses located in India. That conclusion is beyond dispute. Plaintiffs have not specifically identified a single witness located in the United States whose testimony would be material or important. Generically, plaintiffs assert that witnesses regarding the purchase of the spy camera and the

-6-

location of the extortionate calls render the United States a more convenient forum. We are utterly unconvinced that those witnesses are either material or important adjuncts to proof of plaintiffs' claims. The location of the purchase and the calls may speak to jurisdiction, but it has no bearing at all on whether Rao invaded plaintiffs' privacy, defamed their reputations, or interfered with their businesses.

Nor did the circuit court abuse its discretion in applying subfactor 2(b), concerning the governing law, by finding that Indian law would likely apply even were the cases tried in Michigan. India is the place of the alleged wrong, and India has an interest in seeing that its laws are applied. Without undertaking a thorough choice-of-law analysis, it appears to us highly likely that Indian law applies. See *Sutherland v Kennington Truck Service, Ltd*, 454 Mich 274, 286-287; 562 NW2d 466 (1997). The two criminal prosecutions now pending in India buttress the trial court's choice-of-law conclusion.

Unfortunately, the circuit court failed to elucidate factual findings regarding the remaining *Cray* factors, electing instead to globally state that "[d]efendant has established that the balance of private and public factors . . . weigh in favor of dismissal as the chosen forum would be unnecessarily burdensome for both the Defendant and this Court." We respectfully counsel judges to reference directly the *Cray* list in cataloguing the reasons favoring or disfavoring the plaintiffs' chosen forum. Here, however, we can find no salient factual basis for finding that *any* of the *Cray* factors weigh in plaintiffs' favor. The thin thread tying this case to Michigan is Rao's ownership of a home in Ann Arbor. But given that Rao acted in India, and that the consequences of her actions have been felt there rather than here, we are unable to deem the circuit court's ultimate conclusion either unreasonable or unfounded. Accordingly, the circuit court did not abuse its discretion in ruling that the litigation should be conducted in India rather than in Michigan.

## B. PROCEDURAL CONCERNS

Swami, Shellum, the Nithyananda Foundation, and the Nithyananda Meditation Academy complain that the circuit court violated their due process rights by sua sponte dismissing their cases without the benefit of briefing, argument, or discovery. We are not proponents of the circuit court's procedural approach. The preferable approach, we believe, permits parties to brief the intensely fact-specific issues attending cases in which forum non conveniens dismissal is contemplated. Here, however, the three complaints recite precisely the same facts. Those facts demonstrate "little nexus between the litigation and the forum[.]" *Anderson*, 411 Mich at 630. Accordingly, we discern no need for additional factual development "to show exactly how inconvenient a trial in Michigan would prove to be." *Id.* at 631. We cannot conceive of any avenue of discovery which would alter the reality that the case facts pleaded by all plaintiffs involve Indian events, Indian witnesses, Indian law, and evidence located exclusively in India.

Nor would further legal argument alter the fact that the crux of this case is an Indian sex scandal of great interest to the people of India, bearing no relationship to the interests of Michigan courts.

We affirm.

/s/ Douglas B. Shapiro
/s/ Elizabeth L. Gleicher
/s/ Amy Ronayne Krause